**R. MARS WHOLESALERS, INC.,**
a corporation, Appellant,

v.

**BAUMRITTER CORPORATION,**
a corporation, Appellee.

No. 3921.

District of Columbia Court of Appeals.

Argued Sept. 12, 1966.

Decided Oct. 19, 1966.

Isadore B. Katz, Washington, D. C., with whom Sylman I. Euzent, Washington, D. C., was on the brief, for appellant.

Irwin S. Landau, Washington, D. C., with whom Milton Dunn, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

From a judgment against it for the balance due for goods sold and delivered, appellant has brought this appeal and has claimed error only in the refusal of the trial court to grant its motion for a new trial on the basis of newly discovered evidence.

At trial the evidence of appellee showed that for a number of years it had done business with two corporations, R. Mars Wholesalers, Inc., the appellant here, and R. Mars, the Contract Company of New York. Appellant's main office was in Washington, D. C., and the main office of the other corporation was in New York City. Both corporations were engaged in a similar business and apparently were closely connected. R. Mars was an official of both corporations. Around 1960 an official of the Washington corporation, a Mr. Levine, requested appellee to bill Washington for the New York orders, and thereafter New York orders were paid at times by the Washington corporation and at other times by the New York corporation. The amount claimed in this action was for the most part due on goods ordered by New York. When demand for payment was made on the Washington corporation, it did not deny responsibility for the account. When sued, it filed an answer denying ever having done business at any time with appellee, but at trial it offered no evidence of any kind.

The trial court was justified in finding, as it did, that appellant was liable for the amount claimed, and we find no basis for appellant's claim that it was taken by surprise at trial by appellee's change in the theory of its case.

The alleged newly discovered evidence was an affidavit by Mr. Levine, the former vice-president and general manager of appellant and also former secretary of the New York corporation. This affidavit was executed on the day the trial was concluded and can hardly be classified as newly discovered evidence because there was no showing that Mr. Levine was not available as a witness at trial. Appellant had its day in court and chose not to offer any testimony. There was no abuse of discretion in denying the motion for new trial.

Affirmed.