**FLORIDA EDUCATION ASSOC., INC.,**
a corporation, Appellant,

v.

**NATIONAL EDUCATION ASSOC. OF the
UNITED STATES, a corpo-
ration, Appellee.**

No. 9318.

District of Columbia Court of Appeals.

Argued Feb. 3, 1976.

Decided March 26, 1976.

J. Michael Hines, with whom B. Dwight Perry, Washington, D. C., was on the brief, for appellant.

Stephen M. Nassau, Washington, D. C., for appellee.

Before FICKLING and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

YEAGLEY, Associate Judge:

This is an appeal from the denial of appellant's motion for dismissal on the grounds of *forum non conveniens.*[1] We affirm.

Appellee National Education Association (NEA) is a nonprofit organization chartered by special act of Congress[2] as a "body corporate" of the District of Columbia. Appellant Florida Education Association (FEA) is a nonprofit entity incorporated in its namesake jurisdiction with its principal office in Tallahassee, Florida. Until August 31, 1974, FEA was the Florida affiliate of NEA.

When Florida teachers represented by FEA went on strike in February 1968, the strike was financed in part by NEA. The job action was unsuccessful and in its wake, FEA lost many of its members and found itself in need of financial help for the school year beginning September 1968. For this reason, FEA requested by letter of August 13, 1968, that NEA advance $233,988 to cover FEA's operating expenses. After negotiations concerning the actual sum to be advanced, NEA forwarded

1. We have previously held that the denial of a motion to dismiss insofar as it disposes of a claim of *forum non conveniens* is an appealable order. *District-Realty Title Insurance Corp. v. Goodrich,* D.C.App., 328 A.2d

93 (1974) ; *Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810 (1974).

2. 34 Stat. 804 (1906).

854

funds totaling $225,784.40 on the condition that the money be repaid on terms to be later agreed upon.

On December 31, 1968, NEA requested by mail that FEA specify the manner and time in which the loan would be repaid. FEA in a reply leter of January 6, 1969, proposed a plan of repayment but no agreement was reached at that time. In May of 1969, officials from the two organizations met in Orlando, Florida and there reached a tentative agreement on a plan of repayment in which FEA would liquidate the loan at a rate of $45,000 per year plus interest at the rate which NEA had to pay on borrowed funds. Upon their return to Washington, NEA officials prepared a draft contract that reflected the product of the Orlando negotiations which they forwarded unsigned to Florida. FEA replied by letter noting that it had no general objection to the contract proposal but stating that it could not accept the terms of repayment unless a clause was added granting FEA the right to provide NEA with evidence of an inability to meet its installment obligations as a prerequisite to NEA reducing the periodic payment. FEA added the proposed clause to the tentative contract submitted by NEA, signed it and returned it to Washington for final execution. NEA's president completed the contract with the additional clause attached by adding his signature on July 10, 1969.

After FEA allegedly defaulted in making a required payment in March 1974, NEA brought this action in the Superior Court. FEA's motion to dismiss on the grounds of *forum non conveniens* was heard and denied on January 29, 1975. This appeal followed.[3]

This court has held that decisions on questions of *forum non conveniens* are committed to the sound discretion of the trial court and will not be upset on appeal except upon a clear showing of an abuse of that discretion. *Dorati v. Dorati,* D.C. App., 342 A.2d 18 (1975); *District-Realty Title Insurance Corp. v. Goodrich,* D.C. App., 328 A.2d 93 (1974); *Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810 (1974).

Here we find no such abuse. Appellee, plaintiff below, is a corporate body of the District of Columbia with its principal place of business here. The cause of action apparently arose in this jurisdiction, as the contract upon which plaintiff is suing was negotiated within as well as without the District of Columbia and executed by NEA here. It concerned the loan of money from and its repayment in this jurisdiction. The Supreme Court has said:

Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown . . .. [*Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947).]

3. Appellant also moved to dismiss the action on the ground of lack of personal jurisdiction. After the notice of appeal was filed, the trial court amended its order of January 29 to authorize interlocutory review of the juris-diction question pursuant to D.C.Code 1973, § 11–721(d). Appellant's application to this court for allowance to appeal that issue was denied by a motions division and we are not asked to reconsider that question.

The appellant no doubt could present its defense more conveniently in the Florida courts, but it is equally plain that the ties between the District of Columbia and this action are substantial and that a change of forum would merely shift the inconveniences of this interstate litigation from the courts of appellee's jurisdiction to the courts of appellant's. Unless the balance weighs heavily in favor of the alternate forum suggested by the defendant, plaintiff's choice will rarely be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). We find no such imbalance here and conclude that the trial court's decision rejecting appellant's claim of *forum non conveniens* lay properly within the exercise of its discretion. The denial of appellant's motion to dismiss on that ground is accordingly

*Affirmed.*