Mattie L. CARR, Appellant,

v.

BIO–MEDICAL APPLICATIONS OF WASHINGTON, INC., et al., Appellees.

No. 10150.

District of Columbia Court of Appeals.

Argued May 19, 1976.

Decided Dec. 1, 1976.

Thomas E. Walker, Washington, D. C., with whom Richard S. Paulson, Washington, D. C., was on the brief, for appellant.

Patrick J. Attridge, Rockville, Md., for appellee Bio-Medical Applications of Washington, Inc.

David M. Moore, Washington, D. C., with whom James C. Gregg, Washington, D. C., was on the brief, for appellees Cirksena, Knepshield and Siegel.

Denver H. Graham, Washington, D. C., for appellee Sweden Freezer Manufacturing Co.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from an order of the court below dismissing appellant's wrongful death action on the alternative grounds of lack of personal jurisdiction and *forum non conveniens*. The sole issue raised on

appeal is whether the trial court erred by granting the motion to dismiss. We affirm.

The operative facts in this case are not in dispute. For several months preceding his death, Blunt H. Carr (decedent) received regular hemodialysis treatments at the Metropolitan Washington Renal-Dialysis Center (the Center) in Bethesda, Maryland, in order to cleanse impurities from his blood. During such treatments, decedent's blood was routed through a dialysis machine via an arterial-venous shunt which previously had been implanted surgically in his left thigh. On March 13, 1974, the day of his death, decedent received such a treatment at the Center. Immediately after the treatment, the shunt's arterial cannula and venous cannula were detached from the machine and joined together by means of a friction connector. The entire device was then taped to decedent's thigh, and decedent returned to his home in the District. A few hours later, while decedent was napping, the venous and arterial cannulas of the shunt separated, causing immediate death by exsanguination.

On March 5, 1975, appellant Mattie L. Carr, decedent's surviving spouse, brought suit in Superior Court under the Maryland wrongful death statute [1] seeking damages for the death of her husband, alleging "negligent acts and/or omissions that occurred in the State of Maryland." Named as defendants in the suit were Bio-Medical Applications of Washington, Inc. (Bio-Medical); Doctors Cirksena, Knepshield, and Siegel, both individually and in their status as a professional corporation; and Sweden Freezer Manufacturing Co. (Swe-

den Freezer). Bio-Medical, the owner of the Center facilities, is a Delaware corporation and is qualified to do business solely in the State of Maryland. The professional association comprised of Doctors Cirksena, Knepshield, and Siegel, is a Maryland corporation which operates the Maryland Center. Moreover, each of the three physicians is a resident of Maryland and licensed to practice in Maryland. Sweden Freezer, the alleged manufacturer of the shunt connector, is incorporated in the State of Washington and has its principal place of business in Seattle, Washington.

Each defendant below moved to quash service of process and dismiss the complaint on the grounds of insufficiency of process, lack of personal jurisdiction, and *forum non conveniens*. By its orders dated September 22, 1975, the court below granted the motions, thereby quashing service of process and dismissing the action as to each defendant. This appeal followed.

Appellant contends that neither of the trial court's stated alternative grounds for dismissal, *viz.*, lack of personal jurisdiction and *forum non conveniens*, can withstand appellate scrutiny. We disagree. Even assuming, for purposes of this appeal, that the court below acquired in personam jurisdiction over all named parties pursuant to D.C.Code 1973, § 13–423(a)(4),[2] we must conclude that the trial court did not err by dismissing the action on the ground of *forum non conveniens*.

It is well-settled in this jurisdiction that decisions on questions of *forum non conveniens* are committed to the sound discretion of the trial court and will be up-

1. Md.Code Ann., Courts & Judicial Proceedings, § 3–904 (1974).

2. D.C.Code 1973, § 13–423(a)(4), provides:
   (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

   *    *    *    *    *
   (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. . . .

set on appeal only upon a clear showing of an abuse of that discretion. *Florida Education Assoc., Inc. v. National Education Assoc.,* D.C.App., 354 A.2d 853, 854 (1976); *Dorati v. Dorati,* D.C.App., 342 A.2d 18, 20 (1975); *District-Realty Title Insurance Corp. v. Goodrich,* D.C.App., 328 A.2d 93, 94 (1974); *Frost v. Peoples Drug Store, Inc.,* D.C.App., 327 A.2d 810, 813 (1974). This broad discretion is not unlimited, however, and this court must examine the trial court's action in light of the well-established criteria for applying the doctrine of *forum non conveniens. Dorati v. Dorati, supra* at 20; *Frost v. Peoples Drug Store, Inc., supra* at 813.

In the landmark case of *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court identified two separate interests which must be considered in assessing a motion to dismiss for *forum non conveniens*—the private interest of the litigant, and the public interest. Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial. *Id.* at 508, 67 S.Ct. 839. Likewise, the public interest is a relevant consideration in applying the doctrine. Factors related to the public interest include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction. *Id.* at 508–09.

This court has emphasized the public interest considerations in applying the doctrine of *forum non conveniens* to situations in which the plaintiff's choice of forum was between a District of Columbia court and a court of equivalent jurisdiction in one of the counties in the Metropolitan Area. *Frost v. Peoples Drug Store, Inc., supra* at 814; *accord, Walsh v. Crescent Hill Co.,* D.C.Mun.App., 134 A.2d 653 (1957); *Nee v. Dillon,* 99 U.S.App.D.C. 332, 239 F.2d 953 (1956). As this court stated in *Frost, supra* at 814:

> [T]he inconvenience to the parties and witnesses of long distance travel—the factor regarded as of major importance by federal circuits in other jurisdictions, is not the only ground for dismissing an action in the Superior Court. As the county seats in such adjacent areas as Arlington and Fairfax, Virginia, or Montgomery and Prince George's, Maryland, are all within a 20-mile radius of the District, travel problems pale into insignificance as compared to such factors as the public interest in reducing the volume of difficult cases on court calendars already overcrowded. [Footnote omitted.]

Moreover, in *Dorati, supra* at 23, this court provided explicit guidelines to aid our courts in applying the doctrine of *forum non conveniens* in light of this paramount public interest consideration. In *Dorati,* Associate Judge Kern stated:

> [W]hen a suit has contacts with another jurisdiction far more substantial than those with the forum, and that jurisdiction is equally convenient to both parties, the suit should be heard there. When a plaintiff ignores a jurisdiction having substantial contacts with his case and which is not inconvenient for him, his choice of a forum elsewhere is outweighed by the forum court's interest in clearing its calendar of foreign actions. [Citations omitted.]

■■■■ In light of the foregoing principles, we find that the court below did not abuse its discretion by dismissing the action. The jurisdiction having the greatest contact with this litigation is the State of Maryland. The alleged tortious conduct occurred in Maryland. All of the physi-

cians named as defendants reside in Maryland and are licensed to practice medicine in that State. The professional corporation composed of these doctors is a Maryland corporation. Bio-Medical, the owner of the Maryland hemodialysis center where decedent was regularly treated, is a Delaware corporation qualified to do business exclusively in Maryland. Moreover, the case is clearly governed by Maryland law.[3]

■■ On the other hand, appellant relies primarily [4] on her District residence in contending that the lower court erred by dismissing the action. Although appellant's residence is, of course, an important factor to be considered, *forum non conveniens* relief should be granted when it plainly appears to the trial court that another forum is available which will best serve the needs of the public interest. To paraphrase the language of Chief Judge Fuld in *Silver v. Great American Insurance Co.,* 29 N.Y.2d 356, 361, 328 N.Y.S.2d 398, 402–03, 278 N.E.2d 619, 622 (1972):

> The great advantage of the doctrine—its flexibility based on the facts and circumstances of a particular case—is severely, if not completely, undercut when our courts are prevented from applying it solely because one of the parties is a [District of Columbia] resident or corporation.

Utilizing the above rationale, we reject any per se rule which would prohibit the application of the doctrine of *forum non conveniens* whenever one of the parties is a District of Columbia resident. Such an immutable rule is unwarranted and would severely undermine the trial court's broad discretion in such matters.

■ Finally, appellant contends that Sweden Freezer may be beyond the jurisdiction of the Maryland court, thereby depriving appellant of an alternative forum. We must disagree. In *Gulf Oil, supra,* 330 U.S. at 506–07, 67 S.Ct. at 842, the Supreme Court stated:

> In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them.

During oral argument, counsel for Sweden Freezer told this court that it would contest neither service of process nor jurisdiction in a subsequent Maryland action. Moreover, an alternate forum is insured since the Maryland statute of limitations[5] has not yet run.

Accordingly, we hold that the court below did not abuse its discretion by dismissing appellant's wrongful death action on the grounds of *forum non conveniens.*

*Affirmed.*

---

3. Appellant brought this action under the wrongful death statute of Maryland, Md.Code Ann., Courts & Judicial Proceedings, § 3–904 (1974). Appellees concede the applicability of the Maryland statute, and the court below concurred in this assessment.

Likewise, we are convinced that the governing substantive law of the case is that of the lex loci, the State of Maryland, where the alleged tortious acts transpired. *May Department Stores Co. v. Devercelli,* D.C. App., 314 A.2d 767, 770 (1973); *Shaw v. May Department Stores Co.,* D.C.App., 268 A.2d 607 (1970); *Hardy v. Hardy,* D.C.App., 197 A.2d 923 (1964). Moreover, we reach this same result applying the various "choice of law" theories discussed in *Myers v. Gaither,* D.C.App., 232 A.2d 577, 583–84 (1967).

4. Appellant also points to her husband's death in the District in support of her contention that the lower court should have retained jurisdiction. In the instant case, the more important consideration is the situs of the alleged tortious conduct.

5. Md.Code Ann., Courts & Judicial Proceedings, § 3–904(f) provides:

An action under this subtitle shall be filed within three years after the death of the injured person.