Roger P. SONNEVILLE, Appellant,

v.

STEDEF, INC., et al., Appellees.

No. 81–949.

District of Columbia Court of Appeals.

Argued May 26, 1982.

Decided Aug. 23, 1982.

---

David C. Roseman, with whom Robert B. Wallace and M. Javade Chaudhri, Washington, D.C., were on briefs, for appellant.

David J. Taylor, with whom Patricia D. Ryan, Washington, D.C., was on brief, for appellees.

Before NEWMAN, Chief Judge, and MACK and PRYOR, Associate Judges.

PER CURIAM:

This civil appeal, sounding in tort, comes before us in a somewhat unusual posture. Appellant seeks review of two orders of the trial court filed on June 17, 1981. The first order denied appellant the right to file an amended complaint on the ground that it averred substantially the same allegations as the original complaint filed more than a year earlier; the second order dismissed the original complaint on two grounds: 1) insufficient facts upon which liability could be predicated as a matter of law and 2) *forum non conveniens.* In this court appellant briefs only the procedural issue—urging that he had an absolute right to amend his complaint, that the trial court abused its discretion in denying the right to amend, and that as a result of this error, the court's ruling dismissing the original complaint must be reversed. Appellees, on the other hand, brief the merits, arguing that the trial judge properly granted summary judgment on a complete record, that any new issues attempted to be raised by the amended complaint were properly dismissed under the doctrine of *forum non conveniens* and

that it was "harmless error" for the court to have refused to allow appellant to amend his complaint.

Briefly the facts show that appellant, a French citizen and an inventor in the field of railroad track technology, sued Tachotrack Systems, Ltd., a Canadian corporation; Stedef, S.A., a French corporation; Stedef, Inc., a District of Columbia corporation; and John L. Harmsen, a Virginia resident, in the Superior Court. The complaint filed on August 1, 1979, alleged tortious interference by all of the appellees[1] with appellant's prospective contractual relations with one Koppers Company. The complaint also alleged intentional injury to property, disparaging and injurious falsehoods, libel and slander and civil conspiracy in connection with these charges. The foreign corporations moved to dismiss for lack of personal jurisdiction; all appellees moved to dismiss for failure to state a claim upon which relief could be granted, or in the alternative for summary judgments. The motions were held in abeyance pending discovery; extensive discovery followed over the next fourteen months—including the filing and answering of interrogatories, document exchanges and the taking of depositions.

On September 16, 1980, appellant submitted an amended complaint, objected to by appellees in renewed motions to dismiss. For our purposes here, it will suffice to say that by virtue of appellant's representations in the trial court, the amended complaint added two new distinct counts "prompted by information learned" in the course of discovery: "tortious interference with contractual relations" and "unfair competition."

Appellant, in this court has not challenged the merits of the trial court's findings in granting summary judgment on the original complaint as a matter of law. He relies instead on his absolute right to amend his complaint before the filing of "responsive pleadings" (*see* Super.Ct.Civ.R. 15(a)) and he strongly urges that the trial court's

---

1. Appellee Tachotrack had contracts with appellant and with appellee Stedef, S.A. These contracts included forum selection clauses which specified that disputes between the parties would be litigated in the courts of Ontario, Canada under the law of that jurisdiction.

denial of the right to amend could not have been "harmless error" in view of the new distinct causes of action. The interference with contractual relations, we are told, encompass a new theory that Stedef, S.A., Stedef, Inc. and Harmsen interfered with a contract between appellant and Tachotrack and the unfair competition count arises from allegedly unfair trade practices engaged in by the three corporate appellees.

It is clear on the record before us that the trial court's grant of summary judgment, to the extent that it was addressed to the merits of the original complaint, was entirely appropriate. It is also clear that, in ruling on the issue of *forum non conveniens,* the trial court did consider the implications of any liability in tort flowing from appellant's dealings with appellees. Contrary to suggestions by appellant in his reply brief, that ruling as to forum—made not solely on the basis of the contractual forum selection clauses but on the basis of all circumstances considered [2]—broadly covered tort and contractual allegations. We find that the court's ruling represented the exercise of sound discretion. *See Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Carr v. Bio-Medical Applications of Washington, Inc.,* D.C.App., 366 A.2d 1089 (1976).

We agree, however, that appellant, under the circumstances here, where appellees had not yet filed responsive pleadings, had a right to amend his complaint. Super. Ct.Civ.R. 15(a). *See McDonald v. Hall,* 579 F.2d 120, 121 (1st Cir. 1978) ("Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of [federal] Rule 15(a)"); *La Batt v. Twomey,* 513 F.2d 641 (7th Cir. 1975); *Mas-*

sachusetts *Mutual Life Insurance Co. v. Ambassador Concessions, Inc.,* 489 F.2d 282 (5th Cir. 1973); 3 MOORE'S FEDERAL PRACTICE, ¶ 15.07 (2d ed. 1948); 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1483 (1971). For that reason we will hold this appeal in abeyance, and remand the record in order that the trial court might correct this procedural defect, consider motions filed by appellees in response to the amended complaint, and amend its findings in any relevant respect. In view of the extensive record we have reviewed, we do not contemplate that further discovery will be required but we, of course, leave that matter to the discretion of the trial court.

*So ordered.*

---

**2.** The trial court noted

There is still another compelling reason [other than matters decided on summary judgment] why Count I, as well as the other counts set forth in the complaint . . . should be dismissed.

The Court is of the view that the appropriate forum for the bringing of plaintiff's action is in the Canadian courts.

\* \* \* \* \* \*

In making a determination as to whether the doctrine [of *forum non conveniens*]

should be applied, the court considers whether the cause of action may be more appropriately and justly tried elsewhere. [Citations omitted.]

The court went on to discuss the forum selection clauses in the contracts between Tachotrack, Stedef, S.A. and appellant, the nature of appellant's claims, and jurisdictional issues, and concluded "on the basis of all circumstances considered, the complaint should be dismissed . . . on the grounds of *forum non conveniens.*"