Edward H. **FORGOTSON**, Appellant,

v.

William H. **SHEA**, et al., Appellees.

Nos. 84–714, 84–785.

District of Columbia Court of Appeals.

Argued Jan. 24, 1985.

Decided April 30, 1985.

---

Thomas A. Guidoboni, Washington, D.C., with whom Walter J. Bonner, Washington, D.C., was on brief, for appellant.

Jacob A. Stein, Washington, D.C., with whom Curtis E. von Kann, Washington, D.C., was on brief, for appellees.

Before PRYOR, Chief Judge, and NEBEKER and ROGERS, Associate Judges.

ROGERS, Associate Judge:

■ Appellant Forgotson appeals the granting of a motion to dismiss his complaint on the ground of *forum non conveniens* and the denial of his motion for reconsideration.[1] He contends that, because he became a resident of the District of Columbia prior to the trial court's decision on appellees' motion to dismiss, and so advised the court in his motion for reconsideration, the trial court abused its discretion in dismissing his claim. We affirm.

I

In July 1981, Edward H. Forgotson, Esquire, became a general partner at the law firm of Shea & Gould. The firm's principal office is located in New York City, although Mr. Forgotson conducted his practice exclusively from its District of Columbia office.[2] He alleges that in his first year with the partnership he generated income in excess of nine hundred thousand dollars ($900,000), the partnership realized substantial profits, and his share of the profits was approximately three hundred and fifty thousand dollars ($350,000); in the following year the partnership's profits grew substantially, and he contributed over one million dollars in revenue to its income, but his share of the partnership profits decreased by ninety thousand dollars ($90,000). Attributing the decrease to his announced intention to resign on June 30, 1983, Mr. Forgotson objected to this allocation of profits. After informal attempts to resolve this dispute failed, he wrote the partnership on October 13, 1983, indicating his desire to settle the dispute through arbitration pursuant to paragraph 22 of their partnership agreement.[3]

The partnership responded by filing an application on October 26, 1983 for a stay of arbitration in the Supreme Court for the State of New York. Mr. Forgotson did not contest the New York action. Instead, he filed the instant action against the partnership in the Superior Court of the District of Columbia on November 14, 1983, for an accounting "of all the partnership dealings and transactions from July 1, 1981, and of all monies received and paid out," and for damages in the amount of $200,000. On November 21, 1983, the New York court granted the partnership's petition for a stay of arbitration, holding that, under paragraph 5(c) of the partnership agreement,[4] disputes involving determinations about compensation do not fall under the

1. A dismissal on the ground of *forum non conveniens* is appealable. *Frost v. Peoples Drug Store, Inc.*, 327 A.2d 810, 811–13 (D.C.1974); *Arthur v. Arthur*, 452 A.2d 160, 162 (D.C.1982).

   Although the civil rules of the D.C. Superior Court do not expressly provide for motions to reconsider, this court has reviewed the trial court's action on such motions on appeal where the motion has sought relief under an appropriate rule. *American Ins. Co. v. Smith*, 472 A.2d 872, 874 (D.C.1984); *Coleman v. Lee Washington Hauling Co.*, 388 A.2d 44, 46 (D.C.1978) (D.C. App.R. 4 II(a)(2) recognizes motions to reconsider).

2. We view the evidence most favorably to appellant. *Patrick v. Hardisty*, 483 A.2d 692, 696 (D.C.1984); *Nader v. de Toledano*, 408 A.2d 31, 42 (D.C.1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). The facts in this opinion are uncontested.

3. Paragraph 22 of the partnership agreement states in relevant part:

   Any controversy, dispute or claim arising out of or relating to this Agreement, or the breach thereof, or affecting this Agreement in any way, shall be settled by arbitration in New York, New York, except on those instances whereby under the provisions hereof the decision of William A. Shea and Milton S. Gould is stated to be binding upon all of the Partners.

4. Paragraph 5(c) of the partnership agreement states in relevant part:

   The Net Income of the Firm shall be distributed among the Partners in such amounts as may be determined by the decision of William A. Shea and Milton S. Gould, reach [sic] by them in the exercise of their sole joint unreviewable discretion.

arbitration provision of the partnership agreement, and, as such, are not subject to judicial review. *Shea & Gould v. Forgotson*, No. 266993/83 (N.Y. Nov. 21, 1983).

In the District of Columbia action, the partnership moved to dismiss the complaint on three grounds: (1) res judicata and collateral estoppel, on the basis of the New York court judgment; (2) failure to state a claim upon which relief can be granted, on the basis of paragraph 22 of the partnership agreement; and (3) *forum non conveniens*. Attached to the motion to dismiss was the affidavit of Milton S. Gould, a partner in the firm. He averred that the partnership's principal office as well as its administrative records, books and accounts are in New York; all decisions relating to the distribution of net income among the partners were made in New York; of the 66 general partners named as defendants in the complaint, 62 work in the New York office; William A. Shea and Milton S. Gould, in whose "sole joint unreviewable discretion is vested the decision" of distribution of net income among the partners, live and work in New York; and paragraph 22 fixes New York as the forum for the resolution of all disputes. Mr. Forgotson filed an opposition, the partnership replied, and then the trial court heard oral arguments on March 27, 1984. In its order dismissing the complaint, the trial court stated that Mr. Forgotson was not a District of Columbia resident and that the court had applied appropriate factors in making its *forum non conveniens* determination. Mr. Forgotson filed a motion to

reconsider and to vacate judgment on April 2, 1984, which was supported by an affidavit in which he stated that, for reasons unrelated to the suit, he had become a resident of the District on the weekend prior to the decision on the motion to dismiss. The motion to reconsider was denied on April 23, 1984.

## II

"'The decision to grant or deny a motion to dismiss on the ground of *forum non conveniens* is committed to the sound discretion of the trial court and will not be overturned absent a clear abuse of discretion.'"[5] *Demontmorin v. DuPont*, 484 A.2d 582, 584 (D.C.1984) (quoting *Asch v. Taveres*, 467 A.2d 976, 978 (D.C.1983)). The defendant bears a heavy burden in seeking dismissal on the ground of *forum non conveniens*, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of a forum should be given deference. *Demontmorin v. DuPont, supra*, 484 A.2d at 584; *Asch v. Taveres, supra*, 467 A.2d at 978 and cases cited therein. In ruling on a motion to dismiss for *forum non conveniens*, a trial court must consider both the private interests of the litigant and the public interest. *Demontmorin v. DuPont, supra*, 484 A.2d at 584; *Asch v. Taveres, supra*, 467 A.2d at 978 and cases cited therein.[6]

During oral argument on the motion to dismiss, the trial court found the partnership's analysis of the *Asch v. Taveres* factors, *supra* note 6, to be persuasive. With

---

**5.** The doctrine of *forum non conveniens* has been codified in the District of Columbia:

When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just.

D.C.Code § 13–425 (1981).

**6.** The court in *Asch v. Taveres, supra*, 467 A.2d at 978 (quotation omitted), defined the competing interests which must be balanced as follows:

Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to

proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; [and] evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of forum, while public interest considerations include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction.

These criteria were first announced in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947).

regard to the private interests, the trial court viewed New York as a better forum.[7] At the hearing, the court stated:

Why shouldn't this all be done in New York? That's where most of those people who are sued are; that's where, I assume, the records, the accounting ..., the money that the firm has in the bank that would be attached. Everything is in New York except the Plaintiff who happened to work here. Now, why shouldn't the New York courts decide all the issues in this case?

Mr. Forgotson contends the trial court abused its discretion because: the partnership had an office in the District of Columbia; he worked exclusively out of its District of Columbia office; all the partners working out of the District of Columbia office are members of the District of Columbia Bar; one member of the partnership is a District of Columbia resident; the partnership was a party to an unrelated litigation on one prior occasion in the District of Columbia;[8] he has conducted his law practice in the District of Columbia for many years; and he planned to take discovery on a maximum of six partners, including two from the District of Columbia office. All of these factors were presented to the trial court before it ruled. Regarding the public interests, the trial court acknowledged that trial dockets in this jurisdiction are overloaded, indicated that it thought the law of New York would apply, and stated the present case looked like forum shopping.

This court has affirmed the grant of a motion to dismiss for *forum non conveniens* where the only District of Columbia contact was the plaintiff's employment in the District of Columbia. *Haynes v. Carr*, 379 A.2d 1178, 1180–81 (D.C.1977). Also, in *Carr v. Bio-Medical Applications of Washington, Inc.*, 366 A.2d 1089 (D.C. 1976), the court affirmed a dismissal where

the plaintiff was a District of Columbia resident, but all else concerning the litigation involved non-District of Columbia entities and events which occurred outside of the District of Columbia. *Id.* at 1091–92. The record in the instant case does not suggest that the partnership had a significant presence in the District of Columbia insofar as the issues in the underlying litigation are concerned. Mr. Forgotson does not dispute any of the factual averments in Mr. Gould's affidavit. Nor does he allege the partnership agreement was signed in the District of Columbia, but only that it was signed either here or in New York. Notwithstanding his assertion that the partnership agreement did not obligate him to use New York as a forum for resolution of his dispute, another forum was available since he clearly had the choice of entering an appearance, moving to reconsider or appealing the New York court judgment.

■ We find no merit to Mr. Forgotson's contention that because the partnership bears the burden of proof in showing the public interest weighs against his choice of forum, *Consumer Federation of America v. Upjohn Co.*, 346 A.2d 725, 730 (D.C. 1975), and in showing the District's trial dockets are overloaded, it must also show the New York court dockets are heavier than those in the District of Columbia. Further, even were Mr. Forgotson correct that New York law does not apply and that this action is governed by the Uniform Partnership Act, which has been adopted by both jurisdictions, we would not conclude the trial court abused its discretion in weighing the appropriate factors; the facts presented to the trial court and the uncontroverted averments in Mr. Gould's affidavit support the trial court's weighing of the appropriate factors. Accordingly, we hold the trial court did not abuse its discretion

---

7. *See Cockrell v. Cumberland Corp.*, 458 A.2d 716, 718 (D.C.1983) (parties reside outside the District); *Mobley v. Southern Ry. Co.*, 418 A.2d 1044, 1048–49 (D.C.1980) (necessary evidence and witnesses located outside the District).

8. *Bridge v. Shea*, No. 11809–83 (D.C. filed 1983) (pretrial scheduled Sept. 1985).

in granting the motion to dismiss on the grounds of *forum non conveniens.*

### III

Turning to appellant's claim that the trial court abused its discretion in denying his motion for reconsideration, we also find no abuse of discretion by the trial court. Mr. Forgotson asserts that his change of residency to the District of Columbia, for reasons unrelated to this suit, prior to the granting of the motion to dismiss, constituted "changed circumstances" requiring the court to reapply the balancing test in his favor. He relies on *Washington v. May Department Stores,* 388 A.2d 484, 486 (D.C.1978) (District of Columbia residency important factor in balancing equation), and claims it makes no difference that he became a resident after the action was filed. This follows, he argues, from the fact that since the partnership had not yet filed an answer and the trial court had not treated its motion to dismiss as a motion for summary judgment, Super.Ct.Civ.R. 12(b), he was free to dismiss his complaint as a matter of right under Super.Ct.Civ.R. 41(a)(1)(i), and thereafter file a new action asserting his District of Columbia residency. He relies on *Bernay v. Sales,* 435 A.2d 398, 401 (D.C.1981) (summary judgment motion denies plaintiff right of voluntary dismissal).

In the trial court, Mr. Forgotson did not designate the rule under which he was filing his motion to reconsider and vacate judgment. On appeal, he asserts his motion is in the nature of a motion to amend the complaint, a step he may take as a matter of right before responsive pleadings are filed under Super.Ct.Civ.R. 15(a). *Sonneville v. Stedef, Inc.,* 449 A.2d 1087, 1089 (D.C.1982). But the trial court has already issued an order; therefore, we find no merit to this contention. Because Mr. Forgotson is requesting reconsideration based on additional circumstances, the mo-

tion to reconsider is properly considered under Super.Ct.Civ.R. 60(b). *Wallace v. Warehouse Employees Union # 730,* 482 A.2d 801, 804 (D.C.1984) (Rule 60(b) proper where movant requesting consideration of additional circumstances for first time); *Coleman v. Lee Washington Hauling Co., supra,* 388 A.2d at 46 n. 5 (Rule 60(b) addresses matters not of record); *Graves v. Nationwide Mutual Insurance Co.,* 151 A.2d 258, 260 (D.C.1959) (nature of motion determined by relief it seeks). Therefore, our standard of review is whether the trial court abused its discretion in denying the motion. *Wallace v. Warehouse Employees, supra,* 482 A.2d at 803 & n. 5.

Any reconsideration under Rule 60(b) on the basis of "changed circumstances" is subject to the limitation that the changed circumstances could not have been discovered through the exercise of due diligence before the lower court rendered its original decision. *Duran v. Elrod,* 713 F.2d 292, 296 (7th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1615, 80 L.Ed.2d 143 (1984); *United States v. 329.73 Acres of Land,* 695 F.2d 922, 926 (5th Cir.1983); *Benjamin v. Malcolm,* 528 F.Supp. 925, 928 (S.D.N.Y.1981). Similarly, where reconsideration is sought on the basis of "newly discovered evidence," the movant must demonstrate it could not reasonably have been discovered in advance of trial and would likely produce a different result at a new trial. *See Frost v. Hays,* 146 A.2d 907, 909 (D.C.1958); *Bradley v. Prince,* 105 A.2d 253, 254–55 (D.C.1954); *Potts v. Catterton,* 82 A.2d 133, 134 (D.C.1951); *cf. R. Mars Wholesalers, Inc. v. Baumritter Corp.,* 223 A.2d 332 (D.C.1966) (time of discovery of evidence is critical).[9]

Mr. Forgotson's change of residence did not constitute "changed circumstances" within the meaning of Rule 60(b). He avers he had moved into the District prior to the March 27, 1984 hearing. How-

---

**9.** Although these cases involved motions for a new trial, rather than motions for reconsideration or for rehearing, "[a] motion for rehearing

is in all respects the same as a motion for a new trial." *Graves v. Nationwide Mutual Ins. Co., supra,* 151 A.2d at 261.

ever, he apparently failed to inform his counsel about this change in residency as his counsel told the trial court three times during the March 27 hearing that Mr. Forgotson was not a District of Columbia resident; nor did he amend the original complaint which stated he was a Maryland resident. Failure to keep one's attorney informed and the subsequent ignorance of counsel do not constitute "changed circumstances" or "newly discovered evidence" within the meaning of Rule 60(b). *See, e.g., Western Transportation Co. v. E.I. DuPont de Nemours & Co.,* 682 F.2d 1233, 1236 (7th Cir.1982); *Bershad v. McDonough,* 469 F.2d 1333, 1337 (7th Cir.1972). Moreover, the effect of a change of residency into the forum state has not been litigated in this jurisdiction, and apparently rarely elsewhere. The one case cited by the parties holds that moving into a state, by itself, will not convert that state into an appropriate and convenient forum. *St. Louis-San Francisco Railway Co. v. Superior Court,* 290 P.2d 118, 121 (Okla. 1955).[10] *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 26, comment *g* (1971) ("change in domicile of the parties or other change in circumstances does not destroy jurisdiction, but may lead the court in a reasonable exercise of discretion to refuse to exercise jurisdiction"). Given the circumstances underlying the trial court's balancing of the *Asch v. Taveres* factors, *supra* note 6, we are unable to say the trial court abused its discretion in denying Forgotson's motion to reconsider.[11]

Accordingly, the judgment is therefore

*Affirmed.*

10. In *Reagor v. Travelers Ins. Co.,* 92 Ill.App.3d 99, 103–06, 415 N.E.2d 512, 515–16 (1980), plaintiffs changed residence after the accident; the court held this was not a factor in suits on insurance contracts.

11. Mr. Forgotson also contends the trial court initially applied the balancing test incorrectly by not considering the fact that he was employed in the District. Although employment in the District is a factor to be considered, it is

rarely considered to be of overriding significance. *Haynes v. Carr, supra,* 379 A.2d at 1180; *cf. Allstate Ins. Co. v. Hague,* 449 U.S. 302, 314–15, 101 S.Ct. 633, 640–41, 66 L.Ed.2d 521 (1981) (employment is an important state concern in work related tort injury). We do not find employment of such significance here as to hold that the trial court abused its discretion in ruling that private interests favored the New York forum.