**Robert H. SMITH, et al., Appellants,**

v.

**ALDER BRANCH REALTY LIMITED PARTNERSHIP, Appellee.**

No. 94–CV–1476.

District of Columbia Court of Appeals.

Argued Nov. 16, 1995.

Decided Nov. 21, 1996.

---

(Emphasis supplied.)

Jeffrey B. Coopersmith, with whom Eugene D. Gulland, Washington, DC, for appellants Robert H. Smith and Charles E. Smith Management, Inc., and William O. Bittman and Alexander P. Starr for appellant Arthur A. Birney, were on the joint brief, for appellants.

Paul E. Kalb, with whom Thomas C. Green and Mark D. Hopson were on the brief, Washington, DC, for appellee.

Before TERRY, KING and RUIZ, Associate Judges.

RUIZ, Associate Judge:

This is an appeal from a denial of a motion to dismiss for *forum non conveniens*. The principal issue is whether in determining that this is not a "foreign litigation" the trial court erred in taking into account defendants-appellants' substantial connection with the District of Columbia and the residence in the District of the general partner of plaintiff-appellee, Alder Branch Realty Limited Partnership, which is organized under Maryland law. We hold that on the basis of the record in this case, the trial court did not err in considering the appellants' contacts with the District of Columbia as well as the residence of Alder Branch's general partner when it exercised its discretion in refusing to dismiss for *forum non conveniens*. Furthermore, we hold that the trial court did not abuse its broad discretion in its analysis of the public and private factors to be considered in evalu-

ating a motion to dismiss for *forum non conveniens*. Therefore, we affirm.

## I.

This is an action for breach of fiduciary duties against appellants Robert H. Smith (Smith) and Arthur A. Birney as general partners of Plaza Associates Limited Partnership, and against appellant Charles E. Smith Management, Inc. as the provider of management and maintenance services in buildings owned by Plaza Associates. The buildings owned by Plaza Associates are part of the Crystal City complex, a residential, commercial and retail development located in Virginia, just across the Potomac River from the District of Columbia. Appellee, Alder Branch, plaintiff in the trial court, owns an 8.28% limited partnership interest in Plaza Associates. According to the complaint, the stock of Smith Management is owned by Smith, his brother-in-law and their spouses.

In its complaint, Alder Branch alleges that Smith and Birney caused Plaza Associates to favor several business entities in a manner which benefited Smith, his family and associates, to the detriment of Plaza Associates and its limited partners. In particular, Alder Branch contends that the fees paid to Smith Management are excessive, that Plaza Associates has provided below-market loans to other limited partnerships controlled by Smith, and that Plaza Associates bought out a limited partnership interest owned by the Smith Trust, of which Smith is a beneficiary, at an excessive price.

About three weeks after Alder Branch's complaint had been served on them, appellants moved to dismiss for *forum non conve-*

*niens.* In the motion, they contended that public interest required the courts of the District of Columbia to abstain from hearing the case. To support their contention, they pointed to the facts that Plaza Associates is a Virginia limited partnership governed by Virginia law, that Alder Branch is a Maryland limited partnership that is not registered to do business in the District of Columbia, and that litigation between at least some of the parties was already pending in Virginia, particularly in light of the alleged "congestion" in the District of Columbia courts.

In opposition, Alder Branch contended that its general partner, Joseph Henderson, resides and works in the District of Columbia, that on the other side Birney resides and maintains offices in the District and Smith Management is incorporated in the District and has its principal place of business in the District. Alder Branch also alleged that each of the appellants conducts extensive business in the District of Columbia, that some of the funds wrongfully diverted from Plaza Associates went to Smith-controlled or related entities in the District, that some of the transactions involved in establishing and operating Plaza Associates occurred in the District, and that evidence to be obtained from third-parties existed in the District.[1]

The trial court denied appellants' motion to dismiss for *forum non conveniens*. It found that the only private interest factor present was Alder Branch's choice of forum, which, because Alder Branch's "most interested limited partner [sic] ... resides in this jurisdiction ... may ... be, to some extent, diluted and less compelling than if plaintiff were fully and unequivocally a District of Columbia resident." On the public interest side,

---

1. Neither side offered much in the way of evidence to support their factual contentions in the trial court. Neither side, however, took issue with either the truth of the other's factual assertions or the lack of evidence to support them. Given the lack of objection, we proceed, as the trial court apparently did, by assuming the truth of the parties' undisputed assertions below.

We do not, however, consider what effect, if any, should be given to the fact disclosed in the appellee's brief on appeal that while this appeal was pending, Alder Branch was reorganized so

that its new general partner is Alder Branch Management, L.L.C., a Maryland limited liability company, of which Joseph Henderson is the principal member. Such new developments must be first presented to and considered by the trial court. *See Smith v. Pollin*, 90 U.S.App. D.C. 178, 180, 194 F.2d 349, 350 (1952) (per curiam); *cf. Forgotson v. Shea*, 491 A.2d 523, 528–29 (D.C.1985) (affirming trial court's denial of plaintiff's motion for relief from *forum non conveniens* dismissal based on plaintiff's change in residence).

however, the trial court found that the action could not be considered a

> "foreign litigation" [because] [p]rincipals and parties reside here, important aspects of the challenged business activity either occurred here or had appreciable consequence here.... In addition, this litigation holds considerable significance for the District of Columbia ... inasmuch as defendants' extensive business operations permeate this community and extend to commerce, banking, commercial real estate, and residential real estate.

The trial court also rejected appellants' contention that the court should not hear the case because of the possibility that it may have to apply the law of Virginia, recognizing that the courts of the District of Columbia have substantial experience with the law of neighboring jurisdictions.

## II.

■ This court permits interlocutory appeals from orders denying a motion to dismiss for *forum non conveniens. Frost v. Peoples Drug Store*, 327 A.2d 810, 812–13 (D.C.1974); *see also Jenkins v. Smith*, 499 A.2d 128, 128 (D.C.1985) (en banc) (per curiam) (declining to overrule *Frost*). We have articulated the following standard for reviewing the trial court's exercise of discretion in deciding motions to dismiss for *forum non conveniens:*

> [T]rial court rulings on *forum non conveniens* motions are entitled to receive *considerable deference* .... We will not reverse ... unless presented with *clear evidence* that the trial court abused its *broad discretion.*

... Unlike our review of most acts of judicial discretion, [however], our review of rulings on *forum non conveniens* motions includes an *independent evaluation* of [the pertinent] factors....

....

It should come as no surprise, given the trial court's *broad discretion,* that only rarely have we reversed rulings either way ..., even though such rulings receive *closer scrutiny* than most exercises of trial court discretion.

*Jenkins v. Smith,* 535 A.2d 1367, 1369–70 (D.C.1987) (en banc) (per curiam) (emphasis added) (citations omitted); *accord, e.g., Kaiser Found. Health Plan of Mid–Atlantic States, Inc. v. Rose,* 583 A.2d 156, 158 (D.C. 1990); *Dunkwu v. Neville,* 575 A.2d 293, 294 (D.C.1990).

■ We interpret the standard of review to mean that, first, we apply "close scrutiny" to the specific factors identified and evaluated by the trial court; once we are satisfied that the trial court took the proper factors into account, we adopt a deferential approach in determining whether the trial court's decision fell within the "broad discretion" committed to it. Given that standard of review, we pay particular attention to the reasons articulated by the trial court for its decision. *See also Beard v. South Main Bank,* 615 A.2d 203, 205–06 (D.C.1992) (remanding where trial court failed to give reasons for its denial of motion to dismiss for *forum non conveniens* ).

Although the authority to dismiss for *forum non conveniens* is conferred by statute,[2] this court has adopted the *forum non conveniens* analysis articulated by the Supreme

---

**2.** D.C.Code § 13–425 (1995) provides:

When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just. Although the statute appears to vest discretion in every court of the District of Columbia, including this court, it does not appear ever to have been so interpreted, nor do the parties so contend. *Cf. Guevara v. Reed,* 598 A.2d 1157,

1161 (D.C.1991) ("If the motions court in this case was truly vested with discretion on the particular *forum non conveniens* issue, we would feel compelled to remand the matter to it, so that such discretion could be exercised in the first instance.... But in a case where a trial (or motions) court has no area of choice among permissible alternatives because prior appellate holdings had predetermined what its disposition of the issue should be, its judgment cannot turn upon an exercise of discretion.").

Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *E.g., Ussery v. Kaiser Found. Health Plan of Mid–Atlantic States, Inc.,* 647 A.2d 778, 779–80 (D.C.1994). Under *Gulf Oil,* the factors to be considered in deciding whether to dismiss for *forum non conveniens* comprise two categories, "the private interest of the litigant[s]" and the "public interest" of the forum. 330 U.S. at 508, 67 S.Ct. at 843. The private factors emphasize the burden and benefits accruing to the parties of litigating in the plaintiff's chosen forum, as compared to other potential fora. *See id.* (listing access to proof, compulsory process, view of premises, and enforceability of judgment). The public factors emphasize the burden imposed on the forum in relation to its interest in the litigation, as well as the interest of other potential fora in addressing the dispute locally. *See Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. at 843 (listing congestion of courts, jury duty by people of community having no relation to dispute, desirability of "cases which touch the affairs of many persons [being] tri[ed] in their view and reach rather than in remote parts of the country where they can learn of it by report only," and the "appropriateness ... [of] tr[ying] [the] case in a forum that is at home with the state law that must govern").

■ On appeal, appellants contend that the trial court gave too much weight to their presence in and contacts with the District of Columbia, as well as to Alder Branch's choice of forum. They contend that because there were no significant private interests, the public interest should be decisive. According to appellants, because the buildings owned by Plaza Associates are located in Virginia, Plaza Associates is organized under the law of Virginia, which would apply to the claims at issue, and the courts of Virginia are allegedly less congested than District courts, the public interest required that the complaint be dismissed.

■ We disagree that the trial court had no discretion but to dismiss for *forum non conveniens.* The trial court considered all the relevant private and public interests identified in *Gulf Oil, supra.* It correctly viewed the question presented in this case as being whether the present action could be fairly characterized as "foreign litigation." In deciding whether the present action is a foreign litigation, in which the courts of this jurisdiction should take no interest, the trial court properly looked at the residence of those persons who would be most affected by a judgment, as well as the effect in the District of Columbia of the transactions underlying the action. In particular, we cannot say on this record that the trial court erred in giving weight to the fact that Joseph Henderson, the general partner of Alder Branch, lives and works in the District. *See Cf. Forgotson v. Shea,* 491 A.2d 523, 526–28 (D.C.1985) (affirming dismissal on *forum non conveniens* grounds where only one of sixty-six partners in defendant New York partnership was a District resident).

Contrary to appellants' assertion, our cases do not establish that the defendant's residence or presence in the District is "irrelevant." Our decisions in cases such as *Kaiser Found. Health Plan of Mid–Atlantic States, Inc., supra, Dunkwu, supra,* and *District–Realty Title Ins. Corp. v. Goodrich,* 328 A.2d 93 (D.C.1974), in which we reversed denial of motions to dismiss for *forum non conveniens,* only stand for the proposition that a defendant's residence or presence in the District, *by itself,* is insufficient to withstand a motion to dismiss for *forum non conveniens. See also Pitts v. Woodward & Lothrop,* 327 A.2d 816, 817 (D.C.1974) (affirming dismissal on *forum non conveniens* grounds because "[i]t is not sufficient, when an issue of *forum non conveniens* or change of venue is timely raised in a civil action, to show that the court in which it has been filed clearly has jurisdiction over the defendant"), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). As discussed above, however, in the present case the trial court identified more than the mere presence of some defendants in the District of Columbia.

Appellants rely on phrases plucked from several cases in which we affirmed dismissal

by the trial court for *forum non conveniens.* See *Herskovitz v. Garmong,* 609 A.2d 1128, 1130 (D.C.1992) (characterizing the trial court as holding that "this jurisdiction would have little interest in a dispute centered on the present operations of a foreign partnership"); *Mills v. Aetna Fire Underwriters Ins. Co.,* 511 A.2d 8, 11 (D.C.1986) ("[I]n actions involving nonresident plaintiffs bringing claims arising outside the District of Columbia, this court has emphasized the decisiveness of the public interest in reducing the volume of cases on our overcrowded court calendars."); *Forgotson, supra,* 491 A.2d at 527 (affirming *forum non conveniens* dismissal where defendant partnership had no "significant presence in the District of Columbia insofar as the issues in the underlying litigation are concerned"); *Carr v. Bio–Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1092 (D.C.1976) ("This court has emphasized the public interest considerations in applying the doctrine of *forum non conveniens* to situations in which the plaintiff's choice of forum was between a District of Columbia court and a court of equivalent jurisdiction in one of the counties in the Metropolitan Area."). For the reasons that follow appellants' reliance is misplaced.

 It is appropriate to compare a case at hand with ones in which the relief sought was granted or denied. See *Jenkins, supra,* 535 A.2d at 1370 (deciding appeal of denial of motion to dismiss by comparing circumstances with case in which court reversed such a denial). Where the trial court has full discretion, as it does in deciding motions for *forum non conveniens,* however, a finding that the trial court did not abuse its discretion in granting a motion to dismiss for *forum non conveniens* does not necessarily mean that the trial court would' have abused its discretion had it denied the same motion. See *Guevara v. Reed,* 598 A.2d 1157, 1161 (D.C.1991) (stating that appellate court may sustain dismissal which trial court premised on erroneous grounds on alternative ground of *forum non conveniens* only if on remand trial court would have "no area of choice among permissible alternatives"). A discre-

tionary call, by definition, is one that allows more than one decision. In reviewing the exercise of trial court discretion, our role is to assure that the trial court knew that it had discretion and applied the proper considerations. See *Johnson v. United States,* 398 A.2d 354, 363–65 (D.C.1979). Once so assured, we intervene only in cases where discretion has been "abused." Although this is necessarily an imprecise standard, what is clear is that we inquire into the reasonableness of the trial court's determination in light of the record; we do not substitute our judgment for that of the trial court. See *Herbin v. United States,* 683 A.2d 437, 442–43 (D.C. 1996). Thus, it is quite possible that in a given case we would affirm a trial court determination; whether it was to grant or to deny a motion to dismiss for *forum non conveniens,* so long as the trial court reasonably evaluated the motion in light of the relevant factors.

Even with that caveat, however, the circumstances of the present case are not comparable to the facts in *Herskovitz, Mills, Forgotson,* and *Carr* that we found sufficient to sustain discretionary dismissal for *forum non conveniens.* In *Herskovitz,* the plaintiff was an individual residing in Maryland and the defendant a Pennsylvania resident who was general partner of a Pennsylvania limited partnership that did business only in Pennsylvania. 609 A.2d at 1129. The only connection between the defendant and the District pertained to the partnership's formation. *Id.* at 1130. Under the circumstances, the trial court found that the defendant would have "significant witness problems" if the action proceeded in this jurisdiction. *Id.* Thus, both the public and the private interest were more favorable for dismissal than in the present case.

In *Mills,* the plaintiff, a Virginia resident, sued her insurer, a Connecticut-based company qualified to do business in the District, after her store in Fredericksburg, Virginia (about 50 miles south of the District of Columbia) burned down. 511 A.2d at 8–9. We found that the action was properly dismissed on the condition that the insurer effectively

waived all statute of limitations defenses available to it in Virginia. *Id.* at 15–16. In *Mills,* therefore, there was no evidence that any judgment rendered would have an effect in the District; moreover, we noted that the private interest of litigants likely favored litigation in Virginia. *Id.* at 12.

The circumstances in *Forgotson* also involved significant private interests. In *Forgotson,* the trial court dismissed for *forum non conveniens* a claim for accounting brought by a Maryland resident and a New York law partnership. In affirming dismissal for *forum non conveniens,* we noted that although the plaintiff worked in the District office of the partnership, most of the partners lived and worked in New York, the partnership agreement specified that the forum for all disputes be New York and, moreover, the two partners in whom discretion was reposed for the challenged financial decisions lived and worked in New York. 491 A.2d at 526. In *Forgotson* the private interests were substantially more in favor of dismissal, and the public interest of the District in resolving the dispute was considerably less, than in the present case.

Finally, in *Carr,* a medical malpractice action, although the plaintiff was a District resident, every other material factor pointed to Maryland, which was the site of the tort and the sole location of the defendants. 366 A.2d at 1091. We affirmed the trial court's dismissal, noting that

> [a]lthough [the plaintiff's] residence is, of course, an important factor to be considered, ... we reject any per se rule which would prohibit the application of the doctrine of *forum non conveniens* whenever one of the parties is a District of Columbia resident. Such an immutable rule is unwarranted and would severely undermine the trial court's broad discretion in such matters.

*Id.* at 1093.

Thus, our decision in *Carr* turned on our respect for the trial court's discretion, not on any "immutable rule" concerning the location

of the injury or of the defendant. *Cf. Cresta v. Neurology Ctr.,* 557 A.2d 156 (D.C.1989) (reversing dismissal for *forum non conveniens* notwithstanding non-residence of plaintiffs where plaintiffs left area only because of alleged tort by defendants); *Dorati v. Dorati,* 342 A.2d 18 (D.C.1975) (reversing dismissal for *forum non conveniens* notwithstanding non-residence of plaintiff); *Frost, supra,* 327 A.2d at 815–16 (affirming denial of dismissal for *forum non conveniens* despite fact that the three plaintiffs were non-residents where co-defendant not amenable to suit in foreign jurisdiction).

Our independent review of the factors taken into account by the trial court in the present case convinces us that this is not the sort of foreign litigation that must be dismissed for *forum non conveniens.* As the trial court noted, persons on both sides with a substantial and immediate interest in the resolution of the present case reside and work in the District. Appellant claimed that the conduct of the defendants at issue in this case has had a substantial economic impact in the District. *See* note 1. To the extent that the citizens of Arlington, Virginia may be interested in the subject matter of this litigation, it cannot be said that the District is a "remote part[ ]" of the country where they can learn of [the case] by report only." *Gulf Oil,* 330 U.S. at 509, 67 S.Ct. at 843. Because witnesses and evidence will be at least as available in the District as in Virginia[3] and appellants have a substantial presence in the District, no private interest factor argues against litigation in the District of Columbia. The only private interest factor present is in favor of the forum, because the plaintiff chose it—regardless of the weight to be assigned to that factor in this case. Hence, we can discern no abuse of the trial court's discretion in denying appellants' motion to dismiss for *forum non conveniens.*

*Affirmed.*

---

3. In fact, while Virginia's power to compel attendance of witnesses at trial stops at the District line, the Superior Court's subpoena power extends well into Virginia. *See* D.C.Code § 11–

942(a) (1995) ("A subpena [sic] may be served ... at any place without the District of Columbia that is within twenty-five miles of the place of the hearing or trial specified in the subpena [sic].").