Bernice SIMON (a/k/a Bernice Fastenberg Simon and Bernice Brendza), Individually and as Trustee under a Trust Indenture dated June 18, 1957, Plaintiff,

v.

Shirley SILFEN (a/k/a Shirley Fastenberg and Shirley Fastenberg Silfen), Individually and as Trustee under a Trust Indenture dated June 14, 1957; and First National City Bank, Defendants.

United States District Court
S. D. New York.
Nov. 29, 1965.

Goldwater & Flynn, New York City, for plaintiff; James L. Goldwater and Landis Olesker, New York City, of counsel.

Newman & Newman, New York City, for defendant Silfen; Ira H. Newman, New York City, and Dennis H. Lewitas, Brooklyn, N. Y., of counsel.

METZNER, District Judge:

Defendant moves to dismiss plaintiff's complaint on the ground that this federal court is an inconvenient forum for plaintiff's action.

The basis of defendant's motion requires some discussion. On June

14, 1957, plaintiff executed a trust under which she transferred property to the defendant as trustee. On June 18, 1957, defendant executed a trust naming plaintiff as trustee. Since approximately May 1960 there has been a series of suits in the New York State Supreme Court between the parties over the management of the June 18, 1957 trust. Questions involving the June 18th instrument are at present pending in the New York Supreme Court. The present action for the most part involves the June 14, 1957 trust, but the third cause of action in the instant complaint involves the June 18th instrument. The trusts involved are reciprocal, and are similar in nature. Further, the matter of plaintiff's domicile, which would be in issue here as defendant urges that there is no diversity of citizenship, is being considered by the New York Supreme Court. See Silfen v. Simon, N.Y.L.J. March 30, 1965, p. 15, col. 5. To allow uniformity of decision on the issue of plaintiff's domicile and in the construction of almost identical trust instruments, it would seem best for this court to decline to exercise jurisdiction at least while the matter of plaintiff's domicile is *sub judice* in the New York State Supreme Court. Whatever substantive claims plaintiff brings here, she could assert as counterclaims in the action pending in the state court. C.P. L.R. § 3019(a).

 While most forum non conveniens motions come within 28 U.S.C. § 1404(a), this provision is material only when the transfer sought is from one federal district to another. It is an improvement over common law forum non conveniens because the party displaced from the forum is automatically assured of another federal forum, whereas before the statute the original court would have had to dismiss the action. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 105, (1947). Section 1404 (a) did not, however, replace common-law forum non conveniens where the choice as to where the action is to be tried is between state and federal forums. Gross v. Owen, 95 U.S.App.D.C., 222, 221

F.2d 94 (1955). While the federal court is not required to abate the normal in personam action on a plea of a pending action in a state court, Ballantine Books, Inc. v. Capital Distrib. Co., 302 F.2d 17 (2d Cir. 1962), where the balance of convenience dictates that the state court should handle the matter, the federal court has the power to dismiss the case. Gross v. Owen, supra. Plaintiff's reliance on Genesco, Inc. v. Joint Council 13, United Shoe Workers, 230 F.Supp. 923 (S.D.N.Y.1964), to support its contention that the federal court should retain jurisdiction, is misplaced. In Genesco different parties were involved in the two actions. 230 F.Supp. at 931. The court in Glicken v. Bradford, 204 F.Supp. 300 (S.D.N.Y.1962), recognized the power to dismiss, but declined to exercise it because of the uncertainty as to whether jurisdiction or complete relief could be had in the state court. No such difficulty exists here. The complaint is dismissed without prejudice.

So ordered.