**Michael OTT, et al., Plaintiffs,**

v.

**KAISER–GEORGETOWN COMMUNITY HEALTH PLAN, INC., Defendant.**

**Civ. A. No. 87–1787 (SSH).**

United States District Court, for District of Columbia.

May 18, 1988.

Gerard E. Mitchell, Patrick A. Malone, Washington, D.C., for plaintiffs.

Richard W. Boone, Washington, D.C., for defendant.

MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court upon defendant's motion to dismiss on the ground of forum non conveniens or, in the alternative, for a bifurcated trial. Upon consideration of the motion, the opposition thereto, the reply pleading, and the entire record herein, the Court concludes that the motion to dismiss on the ground of *forum non conveniens* should be granted.

Plaintiffs, Mr. and Mrs. Ott and their son Michael (the Otts), filed suit against defendant, Kaiser–Georgetown Community Health Plan, Inc., (Kaiser) alleging that

Kaiser is liable, on the basis of the doctrine of *respondeat superior*, for the medical malpractice of one of Kaiser's employees, Dr. Robert M. Levitt. The complaint contends that Michael Ott was born with severe injuries as a result of Dr. Levitt's alleged medical malpractice. The alleged malpractice occurred in Maryland, and the Maryland Health Care Malpractice Claims Act, Cts. & Jud.Proc.Art., Title 3, Subtitle 2A (the Malpractice Claims Act), requires the submission of medical malpractice claims to an arbitration panel prior to bringing an action in court. The Otts filed a claim under the Malpractice Claims Act, and an arbitration panel rendered a decision in favor of Kaiser and Dr. Levitt. The Maryland Court of Appeals held that, pursuant to the Malpractice Claims Act, the Otts must sue both Kaiser and Dr. Levitt in the Circuit Court for Montgomery County in order to pursue their claims against Kaiser and Dr. Levitt. *Ott v. Kaiser–Georgetown Community Health Plan, Inc.*, 526 A.2d 46 (Md.1987). The Otts currently have pending an action against Kaiser and Dr. Levitt in the Circuit Court for Montgomery County. On July 2, 1987, the Otts filed suit against Kaiser in this Court.

Michael Ott was born in Maryland and the Otts have continued to reside in Maryland since Michael's birth. Mrs. Ott and Michael received all their prenatal treatment in Maryland from physicians who are licensed by the State of Maryland and who practice medicine in Maryland. Kaiser is licensed as a health maintenance organization to do business in Maryland. The sole connections this action has with the District of Columbia are that Kaiser is incorporated in the District of Columbia and Mr. Ott, who works in the District of Columbia, receives Kaiser medical insurance for himself and his family as an employment benefit.

The Court need not abstain from assuming jurisdiction over this action because the Otts have pending an action against Kaiser in Maryland state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483, *leave to file petition for reh'g denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976). However, the Court has the discretion to dismiss the action on the ground of *forum non conveniens* so long as an adequate alternative forum is available. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Pain v. United Technologies Corp.*, 637 F.2d 775, 779 (D.C.Cir. 1980), *cert. denied*, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981). There is a split of authority among the circuits on the question whether federal courts in diversity cases are required to apply the local rule of *forum non conveniens* under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Founding Church of Scientology of Washington, D.C. v. Verlag*, 536 F.2d 429, 434 n. 13 (D.C.Cir.1976). Although the issue has never been squarely addressed by the Court of Appeals for this circuit, federal courts in the District of Columbia have in practice used the federal law of *forum non conveniens*. *Id.* In any case, the law of *forum non conveniens* in the District of Columbia appears to be identical to federal law on the point at issue in this case.[1]

---

1. The Otts rely heavily on a case recently decided by the District of Columbia Court of Appeals, *Kaiser–Georgetown Community Health Plan, Inc. v. Stutsman*, 491 A.2d 502 (D.C.1985), in opposition to Kaiser's motion to dismiss on the basis of *forum non conveniens*. *Stutsman* involves facts similar to those in the instant matter; however, *Stutsman* "presents a choice-of-law issue in the context of a medical malpractice action." *Id.* at 504. *Stutsman* was not decided on the basis of *forum non conveniens*. *Stutsman* only brushes aside the issue of *forum non conveniens* by making the questionable assertions that the doctrine is inapplicable because the statute of limitations of the alternative

forum had run and that, in any event, the court's conclusion that District of Columbia law should apply renders moot any *forum non conveniens* issue. *See id.* at 507 and 511 n. 13. The legal issues of *forum non conveniens* and conflict of laws are related and, conceivably, some of the reasoning of the *Stutsman* opinion could be supportive of plaintiffs' position. However, if under the *Erie* doctrine the Court must apply the federal law of *forum non conveniens* to this diversity action, the Court disagrees with and finds unpersuasive the analysis of the *Stutsman* opinion. Furthermore, the Court concludes that the reasoning of *Stutsman*—to the extent applicable—differs from the federal law of *fo-*

■ The Court's *forum non conveniens* inquiry should proceed in four steps:

As a prerequisite, the court must establish whether an adequate forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of *public* interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*Pain,* 637 F.2d at 784–85.

■ The "private interest factors" are defined as:

[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions to the enforcibility [*sic*] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

*rum non conveniens.* On the other hand, if under the *Erie* doctrine the Court must apply the law of the District of Columbia, the Court may not apply the reasoning of *Stutsman* to the instant *forum non conveniens* issue because the reasoning directly contradicts earlier District of Columbia Court of Appeals' cases that deal with the issue of *forum non conveniens. E.g., Pitts v. Woodward and Lothrop,* 327 A.2d 816 (D.C. 1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Frost v. Peoples Drug Store, Inc.,* 327 A.2d 810 (D.C.1974). No division of the District of Columbia Court of Appeals may overrule a prior decision of that court. *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). Only when the District of Columbia Court of Appeals sits en banc may it overrule a prior decision.

*Id.* at 782 (quoting *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843). However, when a plaintiff chooses a competent but clearly inappropriate forum in which to bring suit, the plaintiff must show some reasonable justification for bringing suit in the inappropriate forum rather than in a forum that has more significant connections with the defendant or the *res,* act, or event in suit. *Id.* at 784 (citing Ginsburg, *The Competent Court in Private International Law: Some Observations on Current Views in the United States,* 20 Rutgers L.Rev. 100 (1965)).

The "public interest factors" are explained as follows:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* at 782 (quoting *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. at 843).

*Id. Stutsman* was not decided by the District of Columbia Court of Appeals sitting en banc and it may not, therefore, overrule *Pitts, Frost,* or the well-established District of Columbia precedent dealing with the issue of *forum non conveniens. Stutsman* must be distinguished as deciding only a choice-of-law issue and not deciding a *forum non conveniens* issue. Accordingly, *Stutsman* does not affect the Court's resolution of the *forum non conveniens* issue. If, under the *Erie* doctrine, the Court should apply the law of the District of Columbia on the issue of *forum non conveniens,* the Court applies the law as set forth in the *Pitts* and *Frost* opinions. Those opinions are consistent with the federal law of *forum non conveniens.*

An alternate and clearly adequate forum exists which possesses jurisdiction over this action: as stated previously, the Otts have pending an action against Kaiser (and Dr. Levitt) in the Circuit Court for Montgomery County.

The relevant private interest factors set forth above relate to the inconvenience to the parties and witnesses of long distance travel. In this case, travel problems appear insignificant because the situs of the injury and the location of the parties and witnesses are all within a 20 mile radius of the District. The Court must, therefore, discern whether the Otts have shown a reasonable justification for the institution of their action in this forum. The sole reasonable justification the Otts have advanced for bringing suit in this forum is that this Court has broader subpoena power pursuant to Fed.R.Civ.P. 45(e)(1) than does the Circuit Court for Montgomery County. The Otts imply that this broader subpoena power is necessary because they expect to subpoena witnesses and records from Howard University Hospital or Georgetown University Hospital, which are located in the District of Columbia, and the Circuit Court for Montgomery County lacks the power to subpoena witnesses and records from the District of Columbia. The Otts' argument that this broader subpoena power justifies bringing suit in this forum lacks merit. "There is no reason to believe ... that the members of the medical profession or the hospital staffs retained by [the Otts] would refuse to appear voluntarily without the necessity of subpoena, or if they did so, the Maryland court would not accept the medical testimony obtained by deposition." *Frost v. Peoples Drug Store, Inc.*, 327 A.2d 810, 815 (D.C. 1974) (footnote omitted). *See also Walsh v. Crescent Hill Co.*, 134 A.2d 653, 655 (D.C.Mun.App.1957) (rejecting similar argument on the ground that "[t]here seems to be nothing in the record to justify this apprehension...."). Accordingly, despite the strong presumption against disturbing the Otts' forum choice, the Court concludes that no reasonable private interest factors justify maintaining the action in this forum.

The public interest factors definitively tip the balance in favor of trial in Maryland. This action has only the most tenuous connections with the District of Columbia. Kaiser is incorporated in the District and Mr. Ott receives Kaiser health insurance as an employee benefit through his employer, which is located in the District. Although these tenuous connections are sufficient to meet the constitutional limitations necessary to permit the maintenance of the action in this forum and the application of this forum's law, *see Allstate Insurance Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521, *reh'g denied*, 450 U.S. 971, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981) (concluding that Minnesota court constitutionally may apply Minnesota law even though suit more significantly connected with Wisconsin), these tenuous connections are not sufficient to cause this forum to be the appropriate forum in which to maintain this action. *See Gulf Oil*, 330 U.S. at 506–507, 67 S.Ct. at 842 ("In all cases in which the doctrine of *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes the criteria for choice between them.") Maryland has a substantial interest in resolving this controversy because Maryland by a considerable margin has the most significant contacts with the facts giving rise to this action. The alleged malpractice occurred in Maryland; Dr. Levitt, who committed the alleged malpractice, is licensed by the State of Maryland, is employed by Kaiser to practice medicine in Maryland, and lives in Maryland; and the Otts have continued to reside in Maryland since Michael Ott's birth. The State of Maryland has a greater interest in the resolution of this controversy than the District of Columbia. First, the State of Maryland has an interest in resolving conflicts between residents of Maryland and corporations licensed to conduct business in Maryland, particularly when the corporation employs Maryland professionals who are alleged to have committed medical malpractice, and the corporation continues to serve the medical needs of Maryland residents. Second, the State

of Maryland has an interest in resolving conflicts that arise in its own backyard, instead of permitting residents of other forums to resolve conflicts that affect primarily Maryland concerns. Third, the burden of jury duty should be imposed on the people of the forum that has the most significant contacts with the litigation, which in this case is Maryland. Fourth, the Court can confidently conclude, without even a superficial analysis of Maryland conflicts of law, that Maryland would apply its own law to this case, and it is appropriate for this case to proceed in the forum in which the controversy arose, using the law that sets forth the standards by which the parties to the suit legitimately expected to be governed in the event of suit.[2]

The District of Columbia has some interest in the outcome of this controversy, but that interest does not match Maryland's substantial interest. *See Pain,* 637 F.2d at 792–93 (discussing weighing the local public interest of alternative forums). As noted, the District of Columbia has only two connections with this action: Kaiser is incorporated in the District and the Otts receive Kaiser medical insurance through Mr. Ott's employer, which is located in the District of Columbia. The District has an interest in overseeing the conduct of businesses incorporated under the law of the District of Columbia. *See Kaiser–Georgetown Community Health Plan, Inc. v. Stutsman,* 491 A.2d at 502, 509 (D.C.1985) (in choice-of-law inquiry, court should consider whether defendant is a corporate citizen of forum). *But see Pitts v. Woodward and Lothrop,* 327 A.2d 816 (D.C.1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975) (in *forum non conveniens* inquiry, when forum has no particular interest in parties or subject matter to suit, fact that defendant incorporated in forum carries little weight). Maryland assuredly has an interest in overseeing the conduct of businesses licensed to do business in Maryland, and Kaiser is licensed to conduct business in the State of Maryland. Despite the District's and Maryland's interests in overseeing the conduct of a business it has permitted to incorporate and licensed, respectively, these factors lack significance here because this case has no connection with the fact of Kaiser's incorporation or licensing; the case is based on Kaiser's conduct. *See Allstate,* 449 U.S. at 337–38, 101 S.Ct. at 652–53 (Powell, J., dissenting) (the forum has no interest in regulating that conduct unrelated to property, persons, or contracts executed within the forum).[3] Maryland, not the District of Columbia, is the situs of Kaiser's alleged misconduct. Maryland, therefore, here has a more compelling interest in overseeing the conduct of Kaiser. The only other connection this matter has with the District of Columbia is Mr. Ott is employed in the District and receives Kaiser medical benefits as an employee benefit. The District has an interest in protecting a member of its workforce. *Stutsman,* 491 A.2d at 510. Maryland, however, has a more compelling interest in protecting its residents. *See Allstate,* 449 U.S. at 314, 101 S.Ct. at 640 ("The State of employment has police power responsibilities towards the nonresident employee that are analogous, if somewhat less profound, than towards residents.") Moreover, as Justice Powell pointed out in his dissent in *Allstate,* a state should con-

---

2. The situs of the Otts' injury can hardly be described as "fortuitous," because Kaiser designated a hospital in Takoma Park, Maryland, as one of the hospitals for obstetric services to be used by Kaiser participants living in the area in which the Otts live. *But see Stutsman,* 491 A.2d at 507–508 (in factually similar case, in choice-of-law discussion, describing situs of injury as "fortuitous").

3. The complaint also alleges a cause of action for breach of contract. The Otts are the third-party beneficiaries of a contract presumably formed in the District of Columbia between Mr. Ott's employer and Kaiser. Complaint ¶ 3. The primary thrust of this action, however, sounds in tort, not in contract, so the contractual elements of this case lack the significance of the tortious elements of this case. Moreover, Maryland has a more significant contact with this litigation because both the alleged tortious conduct and the alleged breach of contract occurred in Maryland. The District of Columbia lacks a significant contact with this litigation because, at most, only the contract formation occurred in the District and the Otts, in any event, did not enter into the contract but are only beneficiaries of it.

sider the plaintiff's employment within the forum only when the action affects or implicates the plaintiff's employment status. *Id.* at 339, 101 S.Ct. at 653. Although the Otts' relationship with Kaiser arose as a result of a contract between Kaiser and Mr. Ott's employer, which is in the District, this action in no way affects Mr. Ott's employment within the District of Columbia. The Court cannot reasonably describe the "relationship between the parties to the instant litigation as centering around the District of Columbia since the agreement to provide health care was a benefit of the plaintiff's District employment," *Stutsman,* 491 A.2d at 508, because the primary relationship between the parties to the instant litigation centered on Maryland, where the Otts routinely received health care; the Otts' status as third-party beneficiaries of a contract that may or may not have been formed in the District of Columbia hardly dominated their more direct relationship as Kaiser patients. Despite the District's interest, therefore, Maryland has a more substantial interest in this litigation.

▮ An additional factor, although not-dispositive in and of itself, in favor of dismissing this action on the basis of *forum non conveniens* is the interest of judicial efficiency. Unnecessarily maintaining two actions based on the same facts—one action in the Circuit Court for Montgomery County and one action against Kaiser in this Court—hardly furthers judicial justification for maintaining dual actions, and the Court is unable to justify the double expenditure of time necessitated by requiring two judges and two juries to try this case. The Otts undoubtedly have chosen this forum in which to pursue their claim against Kaiser in the belief that they are more likely to obtain a recovery, and a higher recovery, in the District of Columbia. *See* Plaintiffs' Memorandum of Law Concerning the Refiling of the Complaint in This Court, p. 2 n. 1. Although the substantive law of a forum is likely to favor one litigant over the other, the Court's central concern when engaging in a *forum non conveniens* analysis is furthering the "just, speedy and inexpensive determination of the action," and the Court should not consider the relative amount of recovery. *Pain,* 637 F.2d at 794–95. Accordingly, the Court declines to evaluate the likelihood of a higher recovery in its *forum non conveniens* inquiry. *But see Stutsman,* 491 A.2d at 510–11 (a relevant factor for choice-of-law inquiry was amount of recovery available in alternate jurisdiction). The factors of public interest, therefore, tip the balance in favor of a trial in a foreign forum.

The fourth, and final, factor the Court must consider in determining whether this action should be dismissed on the basis of the doctrine of *forum non conveniens* is whether the Otts can bring their suit in an alternative forum without undue inconvenience or prejudice. The Otts already have pending an action against Kaiser in the Circuit Court for Montgomery County. The Otts have given no indication that proceeding against Kaiser in that forum would unduly inconvenience or prejudice them. This last factor, therefore, also causes the Court to conclude that the action should be dismissed on the basis of *forum non conveniens.*

Accordingly, defendant's motion to dismiss on the ground of *forum non conveniens* is granted. An appropriate Order accompanies this Memorandum Opinion.

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it hereby is

ORDERED, that defendant's motion to dismiss on the basis of *forum non conveniens* is granted and the case is dismissed. It hereby is

ORDERED, that defendant's alternative motion for a bifurcated trial is denied as moot.

SO ORDERED.