609 A.2d 1128 (1992)
Donald HERSKOVITZ, Appellant,
v.
Victor GARMONG, Appellee.
No. 90-CV-1470.
District of Columbia Court of Appeals.
Argued April 10, 1992.
Decided June 30, 1992.
*1129 Donald L. Herskovitz, pro se.
Michael E. Brand, Washington, D.C., entered an appearance for appellant.
Jeffrey B. Maletta, with whom Jeffrey B. First, Washington, D.C., was on the brief, for appellee.
Before TERRY, STEADMAN and SULLIVAN, Associate Judges.
STEADMAN, Associate Judge:
This appeal arises out of the trial court's dismissal, on forum non conveniens grounds, of an action for breach of a partnership agreement, breach of fiduciary duty, and requesting an accounting, brought by a resident of Maryland[1] against a resident of Pennsylvania in his capacity as the general partner of a limited partnership organized under the laws of Pennsylvania and whose operations take place only in that state. In the trial court's view, the attenuated connection between the asserted causes of action and this jurisdiction, coupled with the location of the parties and witnesses, made the District an inconvenient forum for the litigation. Finding no abuse of discretion in the trial court's consideration of this issue, we affirm.

I
Beginning in the fall of 1981, the appellant, Donald Herskovitz, an attorney in the Washington, D.C. office of a firm with offices in the District of Columbia and Pennsylvania, became involved in assisting the appellee, Victor Garmong, with the formation of a limited partnership, Petrofrac R & D Associates, for the purpose of research and development of a hydrofracturing system for treating oil and gas wells. Appellant prepared several documents relevant to the limited partnership's formation, among them a "Private Placement Memorandum" that included a partnership agreement with a provision that Pennsylvania law would govern the construction and enforcement of the agreement. When several subscribers in the partnership backed out of the arrangement just prior to closing, appellant invested $12,500 in the venture, executing a partnership agreement on April 21, 1982.[2] The trial judge found that both Garmong's solicitation of Herskovitz to join the limited partnership and Herskovitz's execution of the partnership agreement occurred in the District.
At the time of his investment in the limited partnership, appellant was a resident of the District of Columbia, having moved to the District from Virginia in 1978 or 1979. In 1983, appellant moved from the District to Maryland. Despite this change in his legal residence, appellant has continued to practice law in the District, and he maintained a law office in the District *1130 at the time he filed his complaint on February 27, 1990.
In dismissing the complaint on forum non conveniens grounds, the trial court first noted that appellant's choice of forum was entitled to less deference than if he had remained a resident of this jurisdiction. However, the trial court based its decision to dismiss primarily on its conclusion that appellant's complaint alleged breaches of duties arising out of the partnership's ongoing operations, and that those operations took place solely in Pennsylvania. Thus, the trial court found that the appellee could face "significant witness problems" if the action proceeded in this jurisdiction. With respect to the so-called "public factors" relevant to forum non conveniens analysis, the court noted that even if the appellant were a resident of the District, this jurisdiction would have little interest in a dispute centered on the present operations of a foreign partnership.[3]

II
"When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just." D.C.Code § 13-425 (1989). The standards for reviewing the trial court's dismissal of an action pursuant to this statutory provision are settled. "`The decision to grant or deny a motion to dismiss on the grounds of forum non conveniens is committed to the sound discretion of the court and will not be overturned absent a clear abuse of discretion.'" Benvenuto v. Dechillo, 586 A.2d 1225, 1227 (D.C.1991) (quoting Cresta v. Neurology Center, P.A., 557 A.2d 156, 159 (D.C.1989)); see also Mills v. Aetna Fire Underwriters Ins. Co., 511 A.2d 8, 10 (D.C.1986). Furthermore, "[w]hile in general, `unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed,' that rule pertains especially when the plaintiff is a resident of the District of Columbia." Dunkwu v. Neville, 575 A.2d 293, 294 (D.C. 1990) (quoting Mills, supra, 511 A.2d at 10) (internal citations omitted). Thus, a plaintiff's choice of forum deserves less deference when the plaintiff is from another jurisdiction. Id. at 294; see also Mills, supra, 511 A.2d at 10-11. Whether or not the plaintiff is a resident, however, "`[t]rial court discretion is to be guided by enumerated "private interest factors" affecting the convenience of the litigants and "public interest factors" affecting the convenience of the forum.'" Benvenuto, supra, 586 A.2d at 1227 (quoting Mills, supra, 511 A.2d at 10).
Appellant's primary contention on appeal is that the trial court gave insufficient deference to his choice of forum because even though he was not a District resident at the time he filed the complaint, he was a former resident who had maintained certain business contacts with this jurisdiction. However, we do not understand the trial court to have disregarded appellant's prior residence in the District and his business connections to this jurisdiction. Appellant's claim related to the ongoing operations of a foreign limited partnership whose only connection with this jurisdiction pertained to the partnership's formation. Thus, as the trial court recognized, even if the appellant had remained a resident of the District, the District's limited interest in the subject matter of the litigation and the potential of significant witness problems would still be factors of moment, albeit perhaps less compelling.
This court has not attached particular significance for purposes of forum non conveniens analysis to the plaintiff's former residence in this jurisdiction where the cause of action arose elsewhere and was unrelated to the plaintiff's residence in the District. See Cockrell v. Cumberland Corp., 458 A.2d 716 (D.C.1983) (affirming dismissal of contract claim where plaintiff was present Virginia resident, defendant *1131 was Virginia corporation, breach occurred in Virginia and Virginia law would apply; court does not cite plaintiff's former District residence at time of contracting as relevant factor). The trial court could properly conclude for purposes of its forum non conveniens analysis that the fact that Herskovitz's investment in the partnership occurred in the District was largely irrelevant to a suit alleging breaches only in the ongoing operations of the partnership. See Forgotson v. Shea, 491 A.2d 523, 527 (D.C.1985) (affirming trial court's dismissal for forum non conveniens of an action for partnership accounting brought by a partner in District of Columbia office of a New York law firm in the absence of evidence that "the partnership had a significant presence in the District of Columbia insofar as the issues in the underlying litigation are concerned"). Similarly, appellant's employment in the District, although "a factor" in the equation, is not one of "overriding significance." Haynes v. Carr, 379 A.2d 1178, 1180 (D.C.1977). Where, as here, all other factors pointed toward the District as an inconvenient forum with a marginal interest in the subject matter of the complaint, we are unprepared to say that the trial court abused its discretion in dismissing the complaint.[4]
Affirmed.
NOTES
[1] Plaintiff/Appellant was a resident of the District of Columbia at the time the partnership was formed and continues to maintain a law office in the District.
[2] A previous effort to form the limited partnership, in connection with which appellant also had provided legal services, had failed due to a lack of subscribers.
[3] Appellant made no assertion that the dispute related to the original solicitation and formation of the partnership.
[4] We find no merit in appellant's challenges to the sufficiency of the record to support the trial court's ruling or to the expansion of the hearing to reach the forum non conveniens issue.