**Michael L. KETTENBACH and Leland Properties, Inc., Plaintiffs,**

**v.**

**Arthur S. DEMOULAS, Defendant.**

**Civ. A. No. 92–10482–S.**

United States District Court,
D. Massachusetts.

May 28, 1993.

David J. Burgess, Gary C. Crossen, Foley, Hoag & Eliot, Boston, MA, for plaintiffs.

Carol R. Cohen, and Robert C. Gerrard, Davis, Malm & D'Agostine, Boston, MA, for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

SKINNER, Senior District Judge.

The defendant, Arthur S. Demoulas, urges this court to dismiss this action on the grounds that plaintiffs' complaint represents "a diversionary effort contrived to distract the attention and resources of the defendant" from related litigation currently being waged in a Massachusetts state court. The plaintiffs oppose the motion, contending that the doctrine of *forum non conveniens* is inapposite to the circumstances of this case.

Since 1990, members of the Demoulas family have been engaged in intra-family litigation stemming from the operations of Demoulas Super Markets, Inc. and related entities. Arthur Demoulas is a plaintiff and counter-claim defendant in that state-court action; the plaintiffs in the action before me, however, are not parties to that litigation. Nonetheless, Kettenbach (both as an individual and as president of Leland Properties) and Leland Properties, Inc. appear to have extensive business ties to the defendants in the state-court action. In addition, Michael Kettenbach's wife, who is Arthur's sister, is a named defendant in the state action. All parties are Massachusetts residents and all actions that give rise to this complaint occurred in Massachusetts.

The plaintiffs initiated this action claiming that Arthur Demoulas acted in violation of state and federal law by instigating a campaign of industrial espionage that targeted the plaintiffs, among others. The complaint alleges that Arthur installed listening devices ("bugs") in the plaintiffs' private offices, conference rooms, and on telefacsimile machines and stole financial documents in an effort to gather confidential information that would give defendant a strategic advantage in the family fray. Plaintiffs claim to have uncovered a large number of operational bugs and further contend that Arthur has evidenced knowledge of information that could have been procured only through his use of these devices. The defendants in the state-court action also claim to be victims of this espionage campaign and have asserted virtually identical allegations as counter-claims in the state-court action.

In the motion now pending before me, defendant urges this court to dismiss the complaint under the doctrine of *forum non conveniens*. Defendant contends that the plaintiffs have chosen to litigate their claims in a federal forum for entirely vexatious and oppressive purposes: namely, to force Arthur to defend against virtually identical charges in both state and federal courts. Defendant argues that the plaintiffs should be required to pursue their claims against Arthur in the state-court action, which will address a broad range of issues, including many of the issues concerning the alleged bugging scheme. I begin by briefly stating the well-established contours of the doctrine of *forum non conveniens* and then discuss its application to this motion.

### DISCUSSION

Broadly stated, *forum non conveniens* is a flexible doctrine designed to function as an "instrument of justice." *Royal Bed & Spring Co. v. Famossul Industria E Comercio De Moveis Ltda.*, 906 F.2d 45, 48 (1st Cir.1990) (citation omitted). More specifically, the doctrine permits "a trial court to decline to exercise its jurisdiction ... where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum." *Id.* The doctrine presupposes that at least two satisfactory fora are available to the plaintiff—the one in which the plaintiff has filed the action and the one which the defendant alleges is more convenient. *Id.* The defendant seeking to prevail on a motion to dismiss on *forum non conveniens* grounds bears a heavy burden. A strong presumption favors a plaintiff's choice of forum, particularly where the plaintiff has chosen the home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). The movant must show that the "private and public interest factors clearly point towards trial in the alternative forum." *Id.* at 255, 102 S.Ct. at 266.

The Supreme Court has articulated some of the private interests of litigants that a trial court must consider, such as "the relative

ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . .; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). A district court is also directed to consider public interest factors, including:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.

*Id.* at 508–09, 67 S.Ct. at 843. To a great extent, these factors relate to problems that can arise when a case is litigated in a distant forum or a forum with a superficial nexus to the dispute.

■ In this case, the defendant invokes this familiar doctrine in an unusual context. Though *forum non conveniens* typically applies where the alternative forum is in a foreign country or at least some great distance from the federal forum, here the alternative forum is a state court located within a few miles of the federal courthouse. Some courts have held that *forum non conveniens* is unavailable, as a matter of law, when a defendant seeks dismissal of a federal action where a similar action is pending in the state courts:

> [The doctrine] applies when the plaintiff has selected a distant place where trial will inflict undue expense and inconvenience upon the defendant. A doctrine concerning the locale of adjudication has no application to two tribunals situated in the same

place. Forum non conveniens should not have figured in this case.

*Park v. Didden*, 695 F.2d 626, 633 (D.C.Cir. 1982) (reversing a district court that dismissed an action on the erroneous grounds that all the claims could have been brought in the Superior Court of the District of Columbia); [1] *Nieves v. American Airlines*, 700 F.Supp. 769, 771 (S.D.N.Y.1988) (finding doctrine of *forum non conveniens* inapplicable even though plaintiff had an action for the same injury pending in Puerto Rico); *Rogge v. Menard County Mut. Fire Ins. Co.*, 184 F.Supp. 289, 291 (S.D.Ill.1960) (holding that the doctrine of *forum non conveniens* is inapplicable where the state court is located within 25 miles of the federal courthouse).

Though I find the reasoning of these cases somewhat persuasive, I believe they unnecessarily limit the reach of the *forum non conveniens* doctrine. Courts have "repeatedly emphasized the need to retain flexibility. . . . If central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable." *Piper Aircraft Co.*, 454 U.S. at 249–50, 102 S.Ct. at 263. For this reason, the Court has refused to lay down any "rigid rule" to govern a court's discretion and has favored a case-by-case balancing. *Id.* I believe the same individualized inquiry should govern motions where the alternative forum is a state court. While I conclude the *forum non conveniens* doctrine is available as a matter of law to a defendant who seeks such a dismissal, I note that as a practical matter the great majority of such movants will be unable to satisfy the requisite balancing test when the alternative forum is across town, rather than across the country or international borders. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3828, at 279–80 (1986) ("It is only when the more convenient forum is in a foreign country—or perhaps, under rare circumstances, in a state court or a territorial court—that a suit brought in a proper federal venue can be dismissed on grounds of forum non conveniens.").

---

1. I understand *Park* to overrule *Gross v. Owen*, 221 F.2d 94 (D.C.Cir.1955) (declining to reverse a district court's ruling that dismissed a com-

plaint on forum non conveniens grounds where the complaint could have been brought in state court).

In this case, the balance of public and private interests do not outweigh the plaintiffs' choice of forum. The alternative forum advanced by the defendant is only a few miles from the federal courthouse and would have no effect on the parties' ease of access to sources of proof, the availability of compulsory process, the costs of obtaining witnesses or the enforceability of judgment. In addition, this federal forum is located in the home state of all the parties and at the situs of the alleged wrongdoing. The citizens of this state will have both the duty and opportunity to decide this localized controversy, regardless of whether it is tried in state or federal court. This case simply does not raise the kind of problems addressed by *forum non conveniens*. *Augustin v. Mughal*, 521 F.2d 1215, 1217 (8th Cir.1975) (finding no evidence that the state court would provide a substantially more convenient forum for adjudication of the complaint even though the parties were involved in a state-court lawsuit arising from the same accident). Plaintiffs' choice of a federal forum in Massachusetts was reasonable and will not be disturbed. *Forum non conveniens* cannot be used as a tool to substitute defendant's choice of forum for the appropriate, but perhaps somewhat less desirable, forum already selected by the plaintiff. Nor should the doctrine be used merely to shift the burden of inconvenience from the defendant to the plaintiff. *Cf. Norman v. Brown, Todd & Heyburn*, 693 F.Supp. 1259, 1261 (D.Mass. 1988) (denying motion to transfer under 28 U.S.C. 1404(a)).

Defendant has offered a single case which applied *forum non conveniens* under circumstances similar to those at the bar.[2] But it is distinguishable. In *Simon v. Silfen*, 247 F.Supp. 762 (S.D.N.Y.1965), the court dismissed a federal action on *forum non conveniens* grounds because a similar action, *involving the same parties*, was pending in state court. The decision appears to have been motivated in part by the court's concern that it lacked diversity jurisdiction over the dispute. In contrast, here the plaintiffs are not party to any other similar action, in state court or elsewhere, and it is undisputed that I have federal question jurisdiction. *Simon* should be limited to its facts. Defendant has not cited nor have I found a case that reaches the same result.

The motion to dismiss is **DENIED**.

---

2. Defendant cites *Ott v. Kaiser–Georgetown Community Health Plan, Inc.*, 689 F.Supp. 9 (D.D.C. 1988) by way of a reply brief. Unlike this case, *Ott's* change in forum involved a meaningful change in forum—from the District of Columbia to the state of Maryland. The dismissal was allowed because litigation in the alternative forum, by nature of its geographic location, was more convenient to the parties and more appropriate in light of public interests. In *Ott*, the federal forum had a very limited connection to the dispute—one defendant was incorporated in and one plaintiff worked in the District of Columbia. By contrast, the state of Maryland, had substantial interests in resolving the dispute: all the parties lived in Maryland where the alleged medical malpractice actually occurred and the case involved the regulation of medical malpractice and would impact the medical needs of the citizens of Maryland.