**Ernestine USSERY, Appellant,**

v.

**KAISER FOUNDATION HEALTH PLAN OF the MID–ATLANTIC STATES, INC., Appellee.**

No. 93–CV–433.

District of Columbia Court of Appeals.

Argued March 16, 1994.

Decided Sept. 19, 1994.

Lawrence S. Lapidus, Washington, DC, for appellant.

Alexander P. Starr, Washington, DC, for appellee.

Before TERRY, SCHWELB, and KING, Associate Judges.

TERRY, Associate Judge:

Appellant brings this appeal from an order dismissing, on the ground of *forum non conveniens,* her medical malpractice suit against appellee for injuries allegedly resulting from negligent treatment at a Maryland hospital. All of the allegedly tortious conduct occurred in Maryland, and appellant was a Maryland resident when that conduct occurred. The trial court dismissed the case because its only connections with the District of Columbia were the fact that appellant was enrolled in appellee's health plan through her employment in the District and the fact that appellee was incorporated in the District. Finding no abuse of discretion, we affirm.

## I

Appellee, Kaiser Foundation Health Plan ("Kaiser"), is a health maintenance organization. At all relevant times appellant, Ernestine Ussery, was a resident of Maryland who worked in the District of Columbia for the American Pharmaceutical Association. Ms. Ussery had enrolled in Kaiser's health plan through her employer, designating Kaiser's facility in Camp Springs, Maryland, as the place where she wished to receive her health care. Kaiser is incorporated in the District, but renders 88 percent of its member services outside of the District.

In 1988, after she became pregnant, Ms. Ussery received all of her prenatal care at Kaiser's medical center in Landover, Maryland. On February 2, 1989, she gave birth to a baby girl by caesarean section at Holy Cross Hospital in Silver Spring, Maryland; physicians affiliated with Kaiser treated her there and performed the caesarean. Ms. Ussery remained at the hospital until February 10, when she was discharged. On February 21 she began to experience hemorrhaging and went to the emergency room at Southern Maryland Hospital in Clinton, Maryland, where a doctor not affiliated with Kaiser performed an emergency hysterectomy.

Ms. Ussery then brought this suit against Kaiser, alleging that Kaiser and its agents had been negligent in their treatment of her at Holy Cross Hospital, and that their negligence had been the proximate cause of the hemorrhaging that ultimately required a hysterectomy. A short time later, she filed a claim against Kaiser with Maryland's Health Claims Arbitration Office.[1] She also brought a separate action in a Maryland court against Southern Maryland Hospital and the doctors who performed the hysterectomy there.

The trial court dismissed Ms. Ussery's complaint on the ground of *forum non conveniens,* concluding in a memorandum opinion that dismissal was "in the interest of substantial justice."[2] Weighing the "public" and "private" interests as required by *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67

1. *See* MD.CODE ANN., CTS. & JUD.PROC. §§ 3–2A–04 *et seq.* (1989).

2. D.C.Code § 13–425 (1989) provides:
   When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just.

S.Ct. 839, 843, 91 L.Ed. 1055 (1947), the court ruled that the private interests supported dismissal because the relevant medical records were located in Maryland, and because most of the witnesses worked or lived in Maryland "and thus [were] subject to the Maryland court's subpoena power." Another factor which the court deemed significant was that the "ease, expedition, and expense of a trial also favor[ed] Maryland." The court noted that there were already two lawsuits pending in two different jurisdictions, both arising from Ms. Ussery's claim. Because the District of Columbia courts lacked jurisdiction over other possible tort-feasors—Southern Maryland Hospital and the doctor or doctors who performed the hysterectomy—Kaiser would be unable to pursue a third-party claim against them[3] if the case were to be tried in the District. "To proceed to trial in the District while an almost identical action is pending in Maryland would at least double the expense, time, and effort incurred by both parties." If the instant case were tried in Maryland, however, "all the parties are available for suit in Maryland, and plaintiff could join Kaiser, Southern Maryland Hospital, and the Maryland doctors in a single action." Furthermore, even if Kaiser alone were sued in Maryland, Kaiser could bring in the hospital and the doctors as third-party defendants. As for the public interest, the court observed that there was no "substantial factual nexus" between the District and the incidents and parties involved in the litigation, so that keeping the case in the District "would burden both the citizens of the District of Columbia [who would have to serve as jurors] and the staff and resources of the Superior Court.... Moreover, Maryland has a local interest in adjudicating medical malpractice controversies which occur within its borders."

## II

In appeals involving *forum non conveniens* issues, we apply a somewhat unusual standard of review. In general, we review the trial court's decision for abuse of discretion, but at the same time we conduct our own independent analysis of the public and private interests involved in the case. As we explained in *Jenkins v. Smith*, 535 A.2d 1367, 1369 (D.C.1987) (en banc):

> [T]rial court rulings on *forum non conveniens* motions are entitled to receive considerable deference from this court. We will not reverse such a ruling unless presented with clear evidence that the trial court abused its broad discretion....

This deference, however, does not amount to *carte blanche*. Unlike our review of most acts of judicial discretion, our review of rulings on *forum non conveniens* includes an independent evaluation of the "private" and "public" factors enumerated in *Gulf Oil Corp. v. Gilbert*.... The private factors include potential obstacles to a fair trial, including the relative ease of access to proof, the availability and cost of compulsory process, the enforceability of any judgment obtained, and evidence of vexatiousness or harassment.... The public factors are those affecting the District's own interests, including the congestion of its court dockets with foreign litigation, the imposition of jury duty on District residents for litigation in which the District has no concern, and the inappropriateness of calling on District of Columbia courts to construe the law of another jurisdiction.

[Citations omitted.] One factor operating against dismissal is "the principle that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Cohane v. Arpeja-California, Inc.*, 385 A.2d 153, 156 (D.C.) (citation omitted), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). On the other hand, a plaintiff's choice of forum "deserves less deference when the plaintiff is [a resident of] another jurisdiction." *Herskovitz v. Garmong*, 609 A.2d 1128, 1130 (D.C. 1992) (citations omitted). "The rule is not that jurisdiction should be denied unless such denial would work an injustice, but rather that jurisdiction should be taken unless to do so would work an injustice." *Wilburn v. Wilburn*, 192 A.2d 797, 799 (D.C.1963) (footnote omitted). Ultimately, however, there is no set formula for determining when dismiss-

---

3. *See* Super.Ct.Civ.R. 14.

al is warranted because the inquiry is highly fact-specific. *See Gulf Oil, supra,* 330 U.S. at 508, 67 S.Ct. at 843 ("[w]isely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy").

At issue here is whether the dismissal of Ms. Ussery's complaint on *forum non conveniens* grounds was an abuse of discretion when the only contacts between the District of Columbia and this litigation are the fact that Ms. Ussery works here and the fact that Kaiser is incorporated here. For two reasons, we find no abuse of discretion. First, the fact that Ms. Ussery is employed in the District of Columbia carries very little weight because there is no connection between her injuries and her work or workplace. Second, because some of the potential co-defendants are not amenable to suit in the District, additional litigation in Maryland would almost certainly be necessary before Ms. Ussery's claim could be finally resolved. Finally, we hold that *Kaiser–Georgetown Community Health Plan, Inc. v. Stutsman,* 491 A.2d 502 (D.C.1985), on which Ms. Ussery places great reliance, has no bearing on this case because *Stutsman* has nothing to do with *forum non conveniens;* it is solely and explicitly a choice of law case and cannot be read as stating any rules applicable to *forum non conveniens* issues.

### A. *Appellant's Place of Employment*

■ The fact that a plaintiff is employed in the District of Columbia, insofar as it is relevant to a motion to dismiss on the ground of *forum non conveniens,* carries very little weight when it is not related to the alleged injury. This point was made clear in *Herskovitz v. Garmong, supra,* where we said that "appellant's employment in the District, although 'a factor' in the equation, is not one of 'overriding significance.'" 609 A.2d at 1131 (citation omitted).[4] What we said in *Herskovitz* is pertinent here. All of the alleged malpractice occurred in Maryland, where Ms. Ussery elected to receive—and actually did receive—her medical care from Kaiser. The injuries that Ms. Ussery alleges were in no way related to her employment in the District, except for the fact that she enrolled in Kaiser's health plan through her employer.

When confronted with a similar set of facts, the court in *Ott v. Kaiser–Georgetown Community Health Plan, Inc.,* 689 F.Supp. 9 (D.D.C.1988), concluded that the plaintiff's complaint should be dismissed. *Ott* was a medical malpractice action brought in the District of Columbia by Maryland residents for an alleged injury that occurred in Maryland. In *Ott,* as in this case, "the sole connections this action has with the District of Columbia are that Kaiser is incorporated in the District of Columbia and Mr. Ott, who works in the District of Columbia, receives Kaiser medical insurance for himself and his family as an employment benefit." *Id.* at 10. The court held that these ties established "only the most tenuous connections with the District of Columbia," connections that were "not sufficient to cause [the District of Columbia] to be the appropriate forum in which to maintain this action." *Id.* at 12 (citing *Gulf Oil, supra,* 330 U.S. at 506–507, 67 S.Ct. at 842). Although the District had an interest in protecting a member of its work force, the court concluded that Maryland's interest in protecting its residents was greater and more compelling. *Id.* at 13 (citing *Allstate Insurance Co. v. Hague,* 449 U.S. 302, 314, 101 S.Ct. 633, 641, 66 L.Ed.2d 521 (1981)).

■ We agree with both the reasoning and the result in *Ott,* and we adopt its holding here. In both this case and *Ott,* "the primary relationship between the parties to the instant litigation centered on Maryland, where [the plaintiffs] routinely received health care; [the plaintiffs'] status as third-party beneficiaries of a contract hardly dominated their more direct relationship as Kaiser patients." 689 F.Supp. at 14. Because Ms. Ussery's alleged injuries were not connected with her employment, the fact that she was a member of the District of Columbia's work force was not sufficient to defeat

---

4. In the same vein, we also said in *Herskovitz* that "[t]his court has not attached particular significance for purposes of *forum non conveniens* analysis to the plaintiff's former residence in this jurisdiction where the cause of action arose elsewhere and was unrelated to the plaintiff's residence in the District." 609 A.2d at 1130 (citation omitted).

Kaiser's motion to dismiss on the ground of *forum non conveniens.*

### B. *Lack of Jurisdiction Over All Potential Defendants*

Another important factor in the trial court's assessment of the case was the fact that some of the potential defendants are beyond the jurisdictional reach of the District of Columbia courts. Kaiser asserts—and Ms. Ussery concedes—that the District of Columbia courts lack jurisdiction over both Southern Maryland Hospital, where Ms. Ussery's emergency hysterectomy was performed, and the doctors who performed the hysterectomy. Ms. Ussery suggests that Kaiser can overcome this jurisdictional hurdle by filing a separate suit for contribution or indemnity in Maryland. We see no reason whatever to require Kaiser to do so, however, when there is a readily available alternative remedy: dismissal of the instant action so that all the potential claims, cross-claims, and third-party claims can be resolved in one proceeding.

Allowing two substantially identical lawsuits to proceed on parallel tracks would place an unjustifiable burden on Kaiser. In comparable circumstances, the Supreme Court concluded in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 259, 102 S.Ct. 252, 268, 70 L.Ed.2d 419 (1981), that "[i]t would be far more convenient . . . to resolve all claims in one trial." We said essentially the same thing in *Crown Oil & Wax Co. v. Safeco Insurance Co.,* 429 A.2d 1376, 1381 (D.C. 1981): "Our regard for the convenience of the parties to this lawsuit compels the conclusion that the matter should be tried in one action in one forum." *See also Guevara v. Reed,* 598 A.2d 1157, 1160 (D.C.1991) (plaintiff's choice of District of Columbia as a forum "must . . . founder because [the District of Columbia court] lacks personal jurisdiction over one of the two defendants"). In the *Ott* case, although the court found this "judicial efficiency" factor "not dispositive in and of itself," it ruled nevertheless that it could not "justify the double expenditure of time necessitated by requiring two judges and two juries to try this case." 689 F.Supp. at 14. Guided by these and similar prece-

dents, we cannot discern any abuse of discretion on the record before us. We think the trial court was plainly correct in reasoning that separate civil actions in the District of Columbia and Maryland would be seriously inconvenient when all the likely defendants were amenable to suit only in the Maryland courts.

### III

What we have said thus far could surely have been said in an unpublished memorandum opinion, for there is nothing novel or surprising in it. We write for publication, however, in order to make clear that our *Stutsman* decision, on which Ms. Ussery relies heavily, is not applicable at all to a *forum non conveniens* claim. Ms. Ussery maintains that, regardless of the case law we have cited so far, *Stutsman* required the trial court to deny Kaiser's motion to dismiss because her employment in the District and Kaiser's incorporation in the District establish that the parties' relationship was "centered in the District." *Stutsman, supra,* 491 A.2d at 508. In so contending, she plainly misreads *Stutsman.*

In *Stutsman* a health maintenance organization and a group of doctors who had been sued for medical malpractice argued on appeal that the trial court had erred in denying their motion to dismiss based "on several grounds, each premised on their contention that Virginia law should be applied to this action." *Id.* at 504. In affirming the trial court's decision, however, this court limited its holding to the "choice-of-law issue," as the very first sentence of the opinion makes clear. *Id.* Applying well established choice of law rules, we held that "the District of Columbia's law of negligence is the most appropriate rule of decision. . . ." *Id.* at 511. In so holding, we explicitly refrained from considering the appellants' *forum non conveniens* claim:

> Appellants contend that the applicability of the [Virginia] Malpractice Act makes the courts of the State of Virginia the most appropriate forum for resolution of this controversy. They therefore conclude that this action should have been dismissed without prejudice because it was brought

in an "inconvenient" forum. Since we conclude that District of Columbia law should be applied to this case, *we need not reach this question.*

*Id.* at 505 (emphasis added); *see also id.* at 511 n. 13 ("in light of our conclusion [as to choice of law], appellants' *forum non conveniens* argument needs no further discussion"). Thus *Stutsman* resolved a choice of law question, and it did so using choice of law jurisprudence. Were this an appeal involving a choice of law issue, *Stutsman* might be authoritative.[5] But because we address a question of *forum non conveniens, Stutsman* is inapposite.

Turning once again to the *Ott* case, we note that the court in *Ott* found *Stutsman* inapplicable for the same reason. The court observed that, although it involved similar facts, "*Stutsman* was not decided on the basis of *forum non conveniens* [and] only brushes aside the issue of *forum non conveniens* " by concluding, in part, that its choice of law holding made that issue moot. 689 F.Supp. at 10 n. 1. *Ott* also concluded that *Stutsman* could not be followed in a *forum non conveniens* case because its "reasoning directly contradicts earlier District of Columbia Court of Appeals cases that deal with the issue of *forum non conveniens.* ... *Stutsman* must be distinguished as deciding only

a choice-of-law issue and not deciding a *forum non conveniens* issue." *Id.* at 11 n. 1 (citations omitted). We agree. The reasoning of *Stutsman,* while it may be appropriate in the choice of law context, cannot be applied to a *forum non conveniens* claim because it is inconsistent with the holdings in such cases as *Frost v. Peoples Drug Store, Inc.,* 327 A.2d 810, 815 (D.C.1974), and *Pitts v. Woodward & Lothrop,* 327 A.2d 816, 817–818 (D.C.1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), both cited by the court in *Ott.*[6]

## IV

Ms. Ussery's other contentions, based on the procedural history of the case, are without merit because the delay of which she complains was not Kaiser's fault. The cases on which she relies [7] are distinguishable on their facts. The order dismissing her complaint with prejudice is therefore

*Affirmed.*

<hr>

5. Kaiser maintains that *Stutsman* "now lacks precedential force because the interpretation of Virginia law on which *Stutsman* rested has since been disclaimed by the Supreme Court of Virginia." The *Stutsman* holding was based on the proposition that the primary purpose of the Virginia Medical Malpractice Act was to protect doctors and other health care providers from excessive liability. The Virginia Supreme Court, however, in a case decided four years after *Stutsman,* made clear that the actual purpose of the statute was to make health care more affordable, and therefore more available, to Virginia residents by reducing the cost of malpractice insurance. *See Etheridge v. Medical Center Hospitals,* 237 Va. 87, 92–94, 376 S.E.2d 525, 527–528 (1989). "Given that *Stutsman* 's foundation has eroded," says Kaiser, "its holding can no longer stand."

Although this argument is not without force, we need not decide the point in view of our holding that *Stutsman* does not apply at all in a *forum non conveniens* case. We note, however, that this point is discussed at length in *Clay v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc.,* 120 Daily Wash.L.Rptr. 1661,

1667–1668 (D.C.Super.Ct.1992). *See also Bledsoe v. Crowley,* 270 U.S.App.D.C. 308, 316, 849 F.2d 639, 647 (1988) (Williams, J., concurring).

6. The trial court, in rejecting Ms. Ussery's reliance on *Stutsman,* remarked that this court has "construed *Stutsman* very narrowly." *See, e.g., Dunkwu v. Neville,* 575 A.2d 293, 296 (D.C.1990). In this connection we note Ms. Ussery's assertion that *Stutsman* says that a non-resident plaintiff's status as an employee in the District is not substantially less important for purposes of *forum non conveniens* than if she had been a District resident. *Stutsman,* however, says no such thing; it merely states—in the course of its ruling on choice of law—that " 'employment status is not a sufficiently less important status than residence,' *when combined with other contacts,* to prohibit our use of District of Columbia law and to require us to apply Virginia law here." 491 A.2d at 507 (citation omitted; emphasis added).

7. *Deupree v. Le,* 402 A.2d 428 (D.C.1979); *Cohane v. Arpeja–California, Inc.,* 385 A.2d 153 (D.C.), *cert. denied,* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978); *Wilburn v. Wilburn,* 192 A.2d 797 (D.C.1963).